STATE of Texas, Appellant,

v.

Juan E. ANZALDUA, Appellee.

No. 13–83–472–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Fidencio Guerra, Jr., Dist. Atty., Edinburg, for appellant.

Jose Antonio Gomez, McAllen, for appellee.

Before GONZALEZ, YOUNG and UTTER, JJ.

OPINION

GONZALEZ, Justice.

This case involves the question of whether a defendant who has been indicted of a felony is entitled to have the records relating to that offense expunged as a result of an acquittal. We answer no, and reverse the judgment of the trial court.

On July 19, 1982, appellee was acquitted by a jury of the offense of murder. Thereafter, on appellee's motion, the trial court ordered that the Texas Department of Public Safety, Hidalgo County Sheriff's Department, Hidalgo County Jail, Hidalgo County District Attorney's Office, Hidalgo County District Clerk, McAllen Police Department, Justice of the Peace Dario Garcia and the Federal Bureau of Investigation expunge all records concerning the arrest of appellee for that offense, and notify the court of their actions.

TEX.CODE CRIM.PROC.ANN. art. 55.-01 (Vernon Supp.1984) provides as follows:

Article 55.01. Right to expunction

A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist:

(1) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(2) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending and there was no court ordered supervision under Article 42.13, Code of Criminal

Procedure, 1965, as amended, nor a conditional discharge under Section 4.12 of the Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes); and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest.

 In the instant case, it is undisputed that appellee has met the second and third conditions; however, the State argues that appellee has failed to show compliance with the first condition. The State also contends that a verdict by the jury of "not guilty" is not a dismissal. We agree. In *Givens v. State,* 438 S.W.2d 810 (Tex.Crim. App.1969), the court wrote: "The insufficiency of the evidence to support the offense alleged will not alone invalidate an indictment and call for its dismissal." Appellant's first and second points of error are sustained.

Because appellee has not met each of the conditions of TEX.CODE CRIM.PROC. ANN. art. 55.01(1) (Vernon Supp.1984), we reverse the judgment of the trial court and judgment is here rendered that the petition for expunction is denied.