Winston Nicholas **WILKOMIRSKI**, Appellant,

v.

**TEXAS CRIMINAL INFORMATION CENTER, Appellee.**

No. 01–92–00701–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1992.

Robert S. Bennett, Bennett, Broocks, Baker & Lance, Houston, for appellant.

William Delmore, III, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment in which the trial court denied the appellant's request for expunction of his criminal records pursuant to TEX.CODE CRIM.P. ANN. art. 55.01 (Vernon Supp.1993). We affirm.

During the summer of 1990, the appellant, Winston Nicholas Wilkomirski, worked as a lifeguard and swimming instructor at the Post Oak YMCA. On June 15, the appellant was at his job when he was observed cautioning H____ P____, the alleged victim, that the pool diving board was closed. There was also some indication that H____ P____ had not passed her swimming test, and therefore should not be swimming in that area of the pool. She then jumped into the deep end of the pool. The appellant told her to get out of the pool so the two of them could verify with her counselor that she had passed the test. She ignored him and continued swimming. The appellant entered the pool, took her by the arm and pulled her over to the side of the pool where he assisted her out of the pool. The encounter lasted less than a minute. Once she was out of the pool, he got out as well. H____ P____ did not complain about Wilkomirski's behavior to either of the female lifeguards who were present and witnessed the encounter.

Later that day a YMCA counselor reported an aggravated sexual assault of H____ P____ to the Houston Police Department. In response to the report, Houston Police Officer Sherrie Allen investigated the alleged assault by interviewing YMCA employees and the examining physician. However, she did not interview any of the other lifeguards present at the pool during the incident or any other eyewitnesses.

The grand jury indicted the appellant on the charge of aggravated sexual assault/indecency with a child. At trial, after the State's evidence was heard and before the defendant put on any evidence, Judge Lykos ordered an instructed verdict. Her instructions were as follows:

You are hereby instructed that as a matter of law the evidence presented in this case is insufficient to warrant, justify or support a verdict finding the Defendant guilty. Therefore, you are instructed to return a verdict finding the Defendant "Not Guilty."

Thereafter, in a civil district court, the appellant filed a petition and an amended petition for expunction of his records in the criminal case. The State moved for summary judgment arguing that the appellant did not meet the requirements of the expunction statute, TEX.CODE CRIM.P.ANN. art. 55.01(1) (Vernon Supp.1993). The trial court granted the State's motion for summary judgment.

In three points of error, the appellant argues that the trial court erred in granting summary judgment because the trial court should have interpreted the statute to include fact situations such as the one that exists here, because material fact issues existed indicating lack of probable cause in the indictment, and because the trial court erred in refusing to admit deposition transcripts from another trial.

Under Tex.R.Civ.P. 166a, a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact that and he is entitled to judgment as matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). When the granting of the summary judgment is reviewed by the appellate court, the court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference will be indulged in

favor of the nonmovant, and any reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988).

■ The appellant's first point of error argues that the court erred because the appellant, under the facts of this case, presented fact issues sufficient to preclude a summary judgment. Article 55.01 of the Texas Code of Criminal Procedure sets forth several requirements that must be met before expunction is appropriate. Mr. Wilkomirski satisfied all of the requirements but subsection one, which permits expunction when

(1) [if] . . . an indictment or information charging him with commission of a felony was presented, it has been *dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason* indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

TEX.CODE CRIM.P.ANN. art. 55.01(1) (emphasis added).

In any case involving statutory interpretation, the court must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982); *Metropolitan Transit Auth. v. Plessner*, 682 S.W.2d 650, 653 (Tex.App.—Houston [1st Dist.] 1984, no writ). The court's interpretation must be fair, rational, reasonable, and with a view accompanying the legislative intent and purpose. *C & H Nationwide, Inc. v. Thompson*, 810 S.W.2d 259, 273 (Tex.App.—Houston [1st Dist.] 1991, writ granted); *Metropolitan Transit Auth.*, 682 S.W.2d at 653.

■ The purpose of article 55.01 is to allow those persons who are wrongfully arrested to expunge their arrest records. *Ex parte Watts*, 742 S.W.2d 745, 746 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Smith v. Millsap*, 702 S.W.2d 741, 742 (Tex.App.—San Antonio 1985, no writ); *Texas Dep't of Pub. Safety v. Wiggins*, 688

S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ); TEX.CODE CRIM.P.ANN. art. 55.01. The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Herron v. State*, 821 S.W.2d 329, 330 (Tex.App.—Dallas 1991, no writ); *State v. Sink*, 685 S.W.2d 403, 405 (Tex.App.—Dallas 1985, no writ). The right to expunction is available only when all the statutory conditions have been met, and one of the requirements, the decision to dismiss, is solely within the province of the State. *Wiggins*, 688 S.W.2d at 229; *see* TEX.CODE CRIM.P.ANN. art. 32.02 (Vernon 1989).

■ The record reflects the appellant requested an instructed verdict of not guilty after the State rested its case-in-chief and prior to presenting his case-in-chief. At this point procedurally, this was the best option available to Mr. Wilkomirski. However, an instructed verdict or a finding by the jury of not guilty is not a dismissal. *Herron*, 821 S.W.2d at 331; *State v. Anzaldua*, 675 S.W.2d 806, 807 (Tex.App.—Corpus Christi 1984, no writ). In granting the summary judgment in this expunction case, the court found that the criminal trial judge granted an instructed verdict not a "dismissal of the indictment;" thus, it ruled that, as a matter of law, the appellant could not meet the statutory requirement for expunction of his criminal record.

The expunction statute is written in the conjunctive. Appellant must satisfy both requirements: a dismissal *and* a finding that the dismissal was because of mistake or false information or other indications of the absence of probable cause. In interpreting the statute, nothing indicates that the legislature did not mean what it said, i.e., that both requirements were necessary for expunction.

We are sympathetic because the record suggests the indictment was apparently predicated on mistakes and false information that would satisfy the second requirement. However, as the appellant cannot meet both of the requirements of the statute, we are, regretably, constrained to af-

firm. We leave the problem to the legislature for further consideration.

The appellant's points of error are overruled.

The judgment of the trial court is affirmed.