Jerry Wayne **TURNEY**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00237–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 1, 1993.

Rehearing Denied July 29, 1993.

Discretionary Review Refused
Oct. 20, 1993.

Scott Ramsey, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

Following his jury waiver, the trial court found appellant, Jerry Wayne Turney, guilty of failure to stop and render assistance, and assessed his punishment at five-years confinement in the penitentiary, probated, and a $500 fine. TEX.REV.CIV.STAT. ANN. art. 6701d, §§ 38(a), 38(b), 40 (Vernon 1977 & Supp.1993). We reverse.

In a single point of error, appellant complains that the evidence was insufficient for the trial court as fact finder to determine that he failed to stop and render reasonable assistance, as alleged in the indictment. Appellant concedes that he was the driver of the pickup truck that collided with the complainant's automobile, that the collision caused injury to her, and that he did not render assistance to her. However, he urges the evidence shows that the named complainant did not remain at the scene long enough for him to provide her with any needed assistance, but immediately left the scene and, "based on the available record, did not return." We agree.

On July 21, 1989, at approximately 9:00 p.m., appellant was driving his pickup truck in the 14,300 block of Ella Boulevard in Houston when it struck the rear of a Ford Mustang driven by the complainant, Ella Stevens, as she pulled from an apartment complex driveway into the street. The impact caused a fire that almost immediately engulfed the rear section of the complainant's car and the front part of appellant's pickup truck. The impact threw Ella Stevens out of her car onto the street. She testified that when she raised her head and looked back at her car, she saw people removing three of her four passengers; her five-year-old niece was still in the car.

Ms. Stevens got up, ran back to the car, removed the child, laid her down, and ran to her mother's apartment. In her words, "I laid her down and I ran home." The record does not indicate when, if at all, she returned to the scene.

At 9:05 p.m., off-duty Department of Public Safety (DPS) Trooper Juanita Farias, who lived in the apartment complex and heard the collision, drove her DPS car to the scene and radioed for assistance. An Emergency Medical Service ambulance arrived at 9:26 p.m. and Life Flight arrived at 9:36 p.m.[1] Trooper Farias stated she was unsuccessful in finding appellant, the driver of the truck.

Clinton Trammel, who witnessed the collision, testified that after the collision, he saw appellant get out from the driver's side of the truck, run around the front of the truck, run up the embankment, and stop at the top of the embankment next to the apartment building. He chased appellant and confronted him about not stopping to help the passengers in the burning car. On cross-examination, Trammel testified that he personally did not attempt to help the passengers in the burning car because he "thought the flames at that time were just too bad to get near the car."

At 9:40 p.m., DPS Troopers Rivas and Campbell arrived on the accident scene. Rivas testified that there was "a little mass confusion," with probably 20 to 30 people gathered and milling around. Randy Kinsel, a friend of appellant, came to the scene to check on appellant's truck approximately two hours after the DPS troopers arrived. When questioned, Kinsel told one of the troopers that appellant was at Houston Northwest Medical Center. There, two to three hours after the collision, appellant acknowledged to Campbell that he was the driver of the 1988 Chevrolet pickup truck involved. Campbell stated that appellant had marks on his face and arm and complained of chest pain during their interview. Rivas observed that appellant had

---

1. Life Flight airlifted Ella Stevens, the complainant, to Hermann Hospital, along with Bianca Stevens and James Stevens. Jeanetta Stevens and Erica Stevens were transported to Houston Northwest Medical Center.

"what appeared to be a burn on his left arm."

Appellant testified that, immediately after impact, flames came through a window in his truck. He testified that he struggled getting his seat belt off, that he could not open the driver's side door, and that he had to force the passenger door open to get out through it. He stated that he panicked, thinking his truck was on fire and was about to blow up. He stated he ran 40 or 50 feet away from the truck up an embankment by the apartment complex. There, he testified, he turned and looked back and saw a "bunch of people" removing people from the car. He stated that the flash from the initial explosion temporarily impaired his vision and caused a ringing in his ears, and that he experienced chest pain from the seat belt. He said that he remained on the embankment for what seemed to him to be 15 or 20 minutes, and saw no emergency personnel or state troopers before he left.

Appellant testified that he did not ask anyone for help, nor did any one offer to help him, so he walked several blocks to a convenience store to call his neighbor for help. He recalled hearing sirens while walking home. However, he testified he was so upset he could not recall his neighbor's number, and walked several blocks further to his home. At home, he experienced trouble breathing and pain in his chest, had his wife call "911," and went by ambulance to Northwest Medical Center's emergency room. There, he received a chest X-ray and was given "some stuff for burns."

Appellant's wife testified that he arrived home around 9:30 p.m., and that his hair was burned on the side of his head, as were his beard, eyebrows and eyelashes. His skin was clammy, and he had a bruise on his chest and a mark on his arm.

▪ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

▪ The fact finder is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). The evidence is not rendered insufficient simply because appellant presents a different version of the events from that shown by the State. *Anderson v. State,* 701 S.W.2d 868, 872 (Tex.Crim.App.1985). Thus, the trial judge here, as fact finder, was entitled to believe that appellant's injuries neither compelled his departure from the scene to seek personal medical assistance nor prevented him from rendering assistance to the named complainant.

The relevant statutes state in pertinent part:

Sec. 38. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment.

. . . .

Sec. 40. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to

any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding with *and shall render to any person injured in such accident reasonable assistance, including* the carrying, or *the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary* or if such carrying is requested by the injured person.

TEX.REV.CIV.STAT.ANN. art. 6701d, §§ 38, 40 (Vernon 1977 & Supp.1993).

Section 38(b) thus defines an offense and prescribes punishment for the driver of a vehicle who is involved in an accident resulting in injury or death to any person, or vehicular damage, and who fails to stop and comply with the requirements set out in sections 38(a) and 40. *Elias v. State,* 693 S.W.2d 584, 587 (Tex.App.—San Antonio 1985, no pet.). Section 38(a), in turn, requires the driver after stopping to "then forthwith return to and in every event ... remain at the scene until he has fulfilled the requirements of section 40." Section 40 requires the driver (1) to give certain personal and vehicle information to a colliding vehicle's driver or occupant, or to a "person attending any vehicle colliding"; *and* (2) "to render to any person injured in such accident reasonable assistance" as described in the quoted text.

In this case, the indictment charged that appellant,

while driving and operating a vehicle was involved in an accident resulting in injury ... to ELLA STEVENS, hereinafter called the Complainant, to-wit: the vehicle driven and operated by the Defendant collided with THE COMPLAINANT and the Defendant did intentionally and knowingly fail to stop *and render reasonable assistance to the Complainant,*

*including the making of arrangements for carrying the said Complainant to a physician and hospital* for medical and surgical treatment, it being apparent that the said medical treatment for the Complainant was necessary.

(Emphasis added.) It is uncontroverted that appellant made no attempt to assist or secure assistance for any of the persons injured as a result of the collision. It is further uncontroverted that the named complainant, Ella Stevens, received severe burns because of the collision when she returned to her burning automobile to rescue her five year-old niece. Further, it is undisputed that it was apparent to appellant that Ella Stevens and her passengers would need help. As appellant testified, "Anybody involved in that collision would need medical attention."

However, the evidence also shows indisputedly that, moments after the collision and fire, after bystanders had removed the other passengers and she had removed her niece, Ella Stevens ran from the scene to her mother's apartment. Nothing in the evidence indicates that she ever returned to the scene, although medical records show she was taken by Life Flight helicopter to Hermann Hospital. Officer Farias, the off-duty DPS trooper who was the first peace officer on the scene, gave no testimony about seeing the complainant or knowing her whereabouts. Neither did Clinton Trammel, the eyewitness to the collision and to appellant's conduct at the scene afterward. Trooper Campbell testified he did not remember seeing or talking to Ella Stevens at the scene. Trooper Ramos testified only to seeing the child victims and their mother, Jeanetta Stevens, being tended to on the grass near the scene. Implicit in the requirement that the defendant "render reasonable assistance to the complainant" is that the named complainant remain at the scene to receive the needed assistance.

The indictment did not charge appellant with failing to remain at the scene, or with failing to provide any statutorily required information; he was charged only with failing "to stop and render reasonable assistance to the Complainant, including the

making of arrangements for carrying the said Complainant to a physician and hospital for medical or surgical treatment, it being apparent that such treatment for the Complainant was necessary."

Appellant cannot be held responsible for failing to give assistance to a named complainant who immediately left the scene. Viewed in the light most favorable to the judgment, the evidence is insufficient to support appellant's conviction for the offense in the manner alleged in the indictment. *Flournoy*, 668 S.W.2d at 383.

We reverse the judgment and remand the cause to the trial court with instructions to enter a judgment of acquittal.