**Ex parte Carl Clifton CURRENT, Jr.**

**No. 10–94–015–CV.**

Court of Appeals of Texas,
Waco.

May 25, 1994.

Carl Clifton Current, Jr., pro se.

Dale S. Hanna, Dist. Atty., William G. Mason, Asst. Dist. Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Carl Current, Jr., proceeding in forma pauperis, moved to expunge the records of his conviction for burglary of a building. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1994). Although Current claims that the court erred in dismissing his motion, the record reflects that the court actually denied the motion. He argues that the court abused its discretion by ruling on the motion without holding an evidentiary hearing and that the State failed to carry a burden of demonstrating that he was not entitled to an expunction. We will reverse.

The facts are not in dispute. A jury convicted Current of the burglary offense in September 1990. This court determined that the evidence was insufficient to support the conviction, reversed the judgment, and remanded the cause to the trial court with instructions to enter a judgment of acquittal. *See Current v. State*, 10–90–183–CR (Tex. App.—Waco, November 27, 1991, no pet.) (not designated for publication). Consistent with our instructions, the court signed a judgment of acquittal on February 17, 1993.

Current filed his "motion to expunge records" in the trial court on October 27, 1993. He alleged in the motion that he was charged with the offense of burglary of a building, that this court reversed the conviction and issued a mandate for a judgment of acquittal, and that a judgment of acquittal was rendered. The Johnson County District Attorney's Office responded, conceding that this court had reversed the conviction and ordered a judgment of acquittal, but arguing that Current was not entitled to expunction because the indictment had not been dismissed. In the order denying Current's request to have his records expunged, the court included its factual findings that Current was indicted for the felony offense of burglary of a building and that the indictment was not dismissed.

Current claims that the court denied him due process when it ruled on the motion without holding an evidentiary hearing. Our resolution of this issue depends on our consideration of Current's eligibility for expunction under the statute. Thus, we defer this issue until after our discussion of his eligibility for expunction.

■ To obtain expunction of his records, Current, as the petitioner, has the burden of proving that he met the provisions of the statute. *See Harris County Dist. Atty's Off. v. M.G.G.*, 866 S.W.2d 796, 798 (Tex.App.—Houston [14th Dist.] 1993, no writ). Effective September 1, 1993, before Current filed his motion to expunge, the legislature amended article 55.01 to read:

Art. 55.01 Right to Expunction

*(a)* A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

*(1) the person is tried for the offense for which the person was arrested and is:*

*(A) acquitted by the trial court;* or

*(B) convicted and subsequently pardoned;* or

*(2)* each of the following conditions exist:

*(A)* an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

*(B)* he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

*(C)* he has not been convicted of a felony in the five years preceding the date of the arrest.

*(b) A district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is:*

*(1) tried for the offense for which the person was arrested;*

*(2) convicted of the offense; and*

*(3) acquitted by the court of criminal appeals.*

*See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02(a), 1993 Tex.Sess.Law.Serv. 3589, 3766 (Vernon) (codified at TEX.CODE CRIM. PROC.ANN. art. 55.01) (new text emphasized). The legislature specifically provided that "[t]he change in law ... permitting expunctions for persons acquitted of or pardoned for offenses applies to a defendant acquitted of or pardoned for an offense regardless of whether the offense was committed before, on, or after the effective date of this article." *See id.* § 7.02(b) (also found in the Historical and Statutory Notes following article 55.01 (Vernon Supp.1994)). Thus, this new law applies to Current's motion for expunction.

 The two sections of this statute are distinctly different. Section (a) provides for an entitlement to the expunction of the criminal records. Once an applicant demonstrates his eligibility under the provisions of this section, the court does not have the discretion to refuse to order the records expunged. Section (b), however, states that the court "may" expunge the records; thus, an applicant who meets the criteria of this section places the decision on the motion to expunge within the sound discretion of the trial court. *See Barlow v. Lane,* 745 S.W.2d 451, 453–54 (Tex.App.—Waco 1988, writ denied). Although the court is required to exercise that discretion once the applicant demonstrates that he comes under section (b), the court's decision is reviewable only under the abuse-of-discretion standard.

 In this court, the State argues that Current has not demonstrated that he satisfies any of the conditions in the statute which entitle him to expungement. We agree. Current does not allege that he has been pardoned for the offense; thus, subsection (a)(1)(B) is not at issue in this cause. Under subsection (a)(1)(A), Current is required to show that he was acquitted *by the trial court.* Reading the plain language of this statute, we conclude that subsection (a)(1)(A) applies when the defendant is acquitted without a finding of guilt by a trier of fact. In each of the other subsections, the existence of a conviction is expressly taken into consideration. *See* TEX.CODE CRIM.PROC.ANN. art. 55.-01(a)(1)(B), (a)(2)(B), (b)(2). Thus, the absence of a reference to a conviction in subsection (a)(1)(A) implies that this section applies when no conviction has occurred. Because Current was convicted by a jury, he is not entitled to an expunction under subsection (a)(1)(A).

The court found that Current was indicted and that the indictment was not dismissed. This information is contained in the court's files, and the court was entitled to take judicial notice of those facts. *See* TEX.R.CIV. EVID. 201; *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Additionally, Current does not claim that the indictment was actually dismissed. Consequently, he does not meet the requirements of subsection (a)(2).

Current appears to argue that he is entitled to an expunction because the trial court signed a judgment of acquittal after this court ordered the entry of the judgment of acquittal; thus, he apparently reasons, he was "acquitted by the trial court." *See* TEX. CODE CRIM.PROC.ANN. art. 55.01(a)(1)(A). We do not believe that this subsection applies when an acquittal is ordered by an appellate court, even though the trial court may actually sign the judgment of acquittal. In most cases when an appellate court acquits a defendant, the court remands the cause to the trial court with instructions to enter a judgment of acquittal. *See, e.g., Thorpe v. State,* 863 S.W.2d 739, 742 (Tex.Crim.App.1993); *Munoz v. State,* 853 S.W.2d 558, 564 (Tex. Crim.App.1993); *Turney v. State,* 859 S.W.2d 500, 504 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). "[Rendition] is an event which [entry] records." *Jones v. State,* 795 S.W.2d

199, 201 (Tex.Crim.App.1990); *see also Jones v. State,* 797 S.W.2d 33, 35 nn. 3–4 (Tex.Crim. App.1990) (Clinton, J., dissenting). Thus, when an appellate court remands a cause for "entry of a judgment of acquittal," the order presupposes a prior rendition of the judgment. The appellate court actually renders the judgment, not the trial court. *See* TEX. R.APP.P. 80(b); *Bigley v. State,* 865 S.W.2d 26, 28 (Tex.Crim.App.1993) (Baird, J., concurring).

Secondly, if this statute were to be read to apply whenever the trial court signs the actual judgment of acquittal, the factual distinction between sections (a) and (b) would be eliminated, a result we presume the legislature did not intend. *See* TEX.GOV'T CODE ANN. § 311.021(2) (Vernon 1988). Although the appellate court occasionally states that it is "rendering" the judgment of acquittal, *see, e.g., Spencer v. State,* 867 S.W.2d 81, 85 (Tex.App.—Texarkana 1993, pet. ref'd); *Joseph v. State,* 866 S.W.2d 281, 284 (Tex. App.—Houston [1st Dist.] 1993, no pet.), usually, as stated above, the court remands for further action by the trial court. Thus, if we were to accept this argument, in every case when an appellate court orders an acquittal—but the trial court actually signs the judgment—the acquitted defendant would be entitled to have his records expunged. We do not believe that this is the result intended by the legislature, and we will not read the statute to reach such a result. *See* TEX.GOV'T CODE ANN. § 311.021(2). Accordingly, we conclude that Current is not *entitled* to have his records expunged under article 55.01(a).

We must now determine if Current has established that he *may* be eligible for expunction under art. 55.01(b). Section (b) applies when a conviction is reversed by "the court of criminal appeals." *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(b)(3). The State would have us read the statute literally and hold that this section does not apply when an acquittal is ordered by an intermediate court of appeals.

Generally, we are required to give effect to the plain language of a statute. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). If the language is clear and unambiguous, we presume that the legislature meant what was said in the statute, and we are not to add or subtract from the wording of the law. *See id.* "There is, of course, a legitimate exception to this plain meaning rule: where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally." *See id.* If the statute leads to "absurd results," we will look to extratextual sources to arrive at a sensible interpretation, one which gives force to the assumption that the legislature would not act in an absurd way. *See id.*[1]

We believe that the statute, if applied literally, will lead to absurd results that the legislature could not have possibly intended. Presumably, the more egregious cases of unjust convictions will be reversed in the court of appeals and discretionary review will be refused by the Court of Criminal Appeals.[2] Only in instances of the imposition of the death penalty will an intermediate court not

---

1. We recognize that a conflict exists between the Supreme Court and the Court of Criminal Appeals concerning our authority to examine the legislative intent underlying a statute. The Supreme Court, in a case requiring interpretation of Article 55.01, applied the literal language of the Code Construction Act allowing a court to review legislative intent, regardless of whether the statute's language is ambiguous. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988); *Harris Cty. Dist. Atty's Off. v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991). However, the Court of Criminal Appeals has instructed us not to accept the invitation of the Act when examining unambiguous statutes. *See Boykin v. State,* 818 S.W.2d 782, 786 n. 4 (Tex.Crim.App.1991). Because we reach the same result under either directive, we

will apply the most restrictive rule—that found in *Boykin.*

2. We find ourselves in somewhat of a technical quandary at this point. We would like to cite and discuss cases which support the proposition that the intermediate court will correct egregious errors without further review by the Court of Criminal Appeals. However, each of the individuals in the cases which we would cite and discuss are eligible under the new statute for expunction of the records. If we were to point out these cases, we would, in effect, be rendering an advisory opinion on how a trial court should rule on a future motion for expunction. To avoid this problem, we confine our discussion to the theoretical case.

be given an opportunity to first correct the error in the trial court. *See* Tex. Const. art. V, § 5; Tex.Code Crim.Proc.Ann. art. 37.071, § 2(h) (Vernon Supp.1994). Therefore, if the statute were applied literally, the more egregious the problem with the conviction, the less likely the aggrieved individual would be eligible to have his records expunged because the acquittal would likely be ordered by the intermediate court of appeals, not the Court of Criminal Appeals.

▇ Because the plain language of the statute would lead to an absurd result, we must attempt to determine the legislative intent behind the actual text of the law. *See Dillehey v. State,* 815 S.W.2d 623, 625 (Tex. Crim.App.1991); *see also, Harris Cty. Dist. Atty's Off. v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991). To determine legislative intent, we must "consider at all times the old law, the evil, and the remedy." *See* Tex.Gov't Code Ann. § 312.005. The Court of Criminal Appeals has "long honored, as binding evidence of legislative intent, bill analyses and study group reports and legislative council reports and floor debate." *Dillehey,* 815 S.W.2d at 625.

The old law is retained in the amended statute as subsection (a)(2). *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02, 1993 Tex.Sess.Law Serv. 3586, 3763 (Vernon). Prior to the statute's amendment, an applicant was required to prove that he met all of the requirements under the statute before he became entitled to have the records expunged. *Ex parte Scott,* 818 S.W.2d 226, 227 (Tex.App.—Corpus Christi 1991, no writ). The courts consistently interpreted the statute to require an actual *dismissal* of an indictment before the expunction requirements were met. *See Wilkomirski v. Texas Crim. Information Center,* 845 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, no writ) (trial court's instructed verdict in favor of defendant at close of state's case in chief is not equivalent to dismissal of indictment); *Harris Cty. Dist. Atty's Off. v. Burns,* 825 S.W.2d 198, 201 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (granting motion to quash not equivalent to dismissal of indictment); *State v. Anzaldua,* 675 S.W.2d 806, 807 (Tex.App.—Corpus Christi 1984, no writ)

(jury verdict of "not guilty" is not equivalent to dismissal of indictment). Additionally, if the indictment was dismissed, the courts required the applicant to demonstrate that the dismissal resulted from an "absence of probable cause ... to believe the person had committed the offense." *See* Tex.Code Crim. Proc.Ann. art. 55.01(a)(2)(A); *M.G.G.,* 866 S.W.2d at 799 (dismissal of indictment on motion by the state stipulating that search was not supported by a legal justification does not meet requirement); *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1991, no writ) (dismissal under plea bargain on second charge does not meet requirement); *Ex parte Kilberg,* 802 S.W.2d 17, 18–19 (Tex.App.—El Paso 1990, no writ) (dismissal due to suppression of evidence by the trial court because police did not have probable cause to search the defendant does not meet requirement); *Smith v. Millsap,* 702 S.W.2d 741, 744 (Tex.App.—San Antonio 1985, no writ) (dismissal on request of prosecuting witness does not meet requirement); *State v. Sink,* 685 S.W.2d 403, 405–06 (Tex. App.—Dallas 1985, no writ) (dismissal based on trial court's finding that three-year-old complainant was not competent to testify does not meet requirement).

At least one court noted that the requirement of an actual dismissal was a "problem" in a case in which the trial court directed a verdict of acquittal. *Wilkomirski,* 845 S.W.2d at 426–27. The court observed that it was "sympathetic" to the applicant, but was, "regrettably, constrained to affirm [the denial of the motion to expunge]" and would "leave the problem to the legislature for further consideration." *Id.* In light of the case law, we agree that the requirement of an actual dismissal of the indictment under the old law was a "problem" when applied to cases in which the defendant, in all likelihood, was factually innocent of the charged offense. We believe that the legislature took steps to correct "the evil" presented by this factual scenario.

The remedy the legislature fashioned is represented by subsection (a)(1) and section (b) of article 55.01. *See* Tex.Code Crim.Proc. Ann. art. 55.01(a)(1), (b). As discussed above, these provisions provide eligibility for

expunction in cases when there is factually no finding of guilt or when the defendant is acquitted on appeal. The amendments to the statute broaden the access to the expunction procedure well beyond the original provisions. Thus, we believe, the legislature's clear intent was to formulate a remedy that allows the innocent to clear their records of the offense, regardless of when they were found to be innocent.

Unfortunately, the legislative history available for this provision is scant. One document, however, provides some insight into the legislature's consideration of the amendment. *See* TEXAS PUNISHMENT STANDARDS COMMISSION, FINAL BILL ANALYSIS, SENATE BILL 1067, TEXAS PENAL CODE LEGISLATION (August 31, 1993). Discussing the text added to article 55.01, the Commission states:

> The issue of the expunction of arrest records in this section was the result of a House floor amendment; the only change during conference committee was to make expunction discretionary upon an acquittal by the Court of Criminal Appeals. However, the final version of this provision appears to be inconsistent with the intent of the conference committee members. They discussed the need to distinguish between acquittals by the trial court and acquittals upon reversal by an appellate court, and agreed with prosecutors that allowing expunction in the latter case was less defensible. The final drafting effort mischaracterizes this agreement by allowing expunctions upon reversal by the Court of Criminal Appeals. It also creates an illogical situation by making no reference to reversals by intermediate courts of appeal.

*Id.* at 97. Because the discussions of the conference committee were not recorded, we cannot evaluate the reporter's conclusions regarding the intent of the legislators.

This final bill analysis by the commission statutorily created to draft proposed legislation, which ultimately became Senate Bill 1067, is evidence of the legislative intent behind the amendments to the law. *See* TEX.CODE CRIM.PROC.ANN. art. 37.15; *Dillehey,* 815 S.W.2d at 625. Combined with our consideration of the old law, the evil, and the

remedy, we conclude that the legislature intended to allow for the expunction of criminal records when the defendant is acquitted by an appellate court and did not intend to limit that eligibility to defendants acquitted only by the Court of Criminal Appeals. We conclude that article 55.01(b) should be read to state:

> (b) A district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 of this code if the person is:
>
> > (1) tried for the offense for which the person was arrested;
> >
> > (2) convicted of the offense; and
> >
> > (3) acquitted by [*a court of appeals or by*] the court of criminal appeals.

*See* TEX.CODE CRIM.PROC.ANN. art. 55.01.

Thus, we hold that Current is eligible to have his records expunged under section (b) of article 55.01. We stress, however, that he is not entitled to have the records expunged, only to have the court exercise the discretionary powers vested in it by this section.

 Having examined Current's eligibility for expunction under the statute, we now consider whether the court erred in ruling on the motion without holding a hearing. Article 55.02 states that the court "shall set a hearing on" the petition for expunction. *See* TEX.CODE CRIM.PROC.ANN. art. 55.02, § 2. "Not every hearing called for under every rule of civil procedure, however, necessarily requires an oral hearing.... Unless required by the express language or the context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Gulf Coast Investment Corporation v. Nasa 1 Business Center,* 754 S.W.2d 152, 153 (Tex. 1988). Considering the text of article 55.02 and our discussion of article 55.01, we conclude that the court properly ruled on Current's eligibility for expunction under section (a) without holding a hearing because all of the facts necessary to determine the issue under section (a) were available to the court. *See* TEX.R.CIV.EVID. 201; *Holley,* 864 S.W.2d

at 706; *cf. Reyes v. State,* 849 S.W.2d 812, 815–16 (Tex.Crim.App.1993) (court may deny a motion for new trial without a hearing if the motion does not present issues requiring evidence outside the record).

We have determined, however, that Current is eligible to have his request for expunction considered under section (b). He has not plead any facts outside the record that would require a hearing on the part of the court. *See Reyes,* 849 S.W.2d at 815–16. However, the decision under this section rests in the sound discretion of the trial court. Current is entitled to have the court exercise the discretion vested in it by the statute. He is also entitled to amend his verified pleading to include any factual issues which he desires to bring to the court's attention in an effort to persuade the court to exercise its discretion in his favor. Because there is no indication in the record that the court exercised its discretion under article 55.01(b), we conclude that the court erred in denying Current's motion for expunction. Thus, we reverse the order denying the motion for expunction and remand this cause to the court so that it may rule on Current's claim under article 55.01(b).