# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00114-CV

**Roy Edward Addicks, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT NO. 2005V-004, HONORABLE DAN R. BECK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Roy Edward Addicks, Jr., an inmate acting pro se, appeals from the denial of his petition for expunction. *See* Tex. Code Crim. Proc. Ann. arts. 55.01-.06 (West 2006). In his first two issues on appeal, he complains that the trial court erred in acting on the petition without a hearing and in denying the petition. In his third issue, he complains that trial counsel rendered ineffective assistance of counsel.[1] We affirm the trial court's judgment.

### Background

In August 1993, Addicks was indicted for two counts of indecency with a child. The two counts, involving two different children, arose out of one event in June 1993 and were combined

---

[1] Appellant's third issue complains of ineffective assistance of counsel. However, his complaint concerns the representation that he received in his 1993 criminal proceeding. Complaints concerning that assistance needed to have been raised in an appeal from that underlying criminal proceeding. We overrule his third issue. We note that much of Addicks's briefing is devoted to matters that needed to have been raised in an appeal from this 1993 conviction.

in one indictment as separate counts. (Addicks refers to the event as "skinny dipping" with two boys.) In September 1993, Addicks pleaded guilty to the first count as part of a plea bargain in which the State abandoned the second count. In January 2005, Addicks filed a petition for expunction. The trial court denied the petition.

## Discussion

In his first issue, Addicks contends that the trial court should have held an evidentiary hearing before ruling on his petition. He also asserts that the court should have issued a bench warrant or allowed Addicks to participate in a hearing by telephone conference.[2]

An expunction proceeding is civil rather than criminal in nature, and, consequently, the burden of proving compliance with the statute is on the petitioner rather than the State. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied); *Kendall v. State*, 997 S.W.2d 630, 631 (Tex. App.—Dallas 1998, pet. denied). A petitioner is entitled to an expunction only when all of the statutory conditions have been met. *See Quertemous v. State*, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.). Article 55.02 says that the court shall set a hearing on a petition for expunction. Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (West 2006). However, not every requirement to hold a hearing necessarily means holding an oral hearing. *See Ex Parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ) (quoting *Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988)). If all of the facts necessary to

---

[2] We note that the trial court did not hold any hearings at all. This is not a case in which one side was allowed to appear while the other side was not allowed to appear because of his or her status as an inmate.

determine the issues in an expunction hearing are available to the court, an oral hearing is not mandatory. *See id.*; *see also McCarroll v. Texas Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.) (holding trial court's failure to hold hearing harmless error).

Our consideration of whether an evidentiary hearing was necessary overlaps with a consideration of whether Addicks was entitled to appear.[3] In his brief, Addicks sets out the evidence that he would have presented either in a personal appearance or by telephone conference. The evidence that he wanted to present, however, was relevant to problems with the underlying conviction. For example, he wanted to present evidence of a conflict of interest on trial counsel's part that caused Addicks to receive ineffective assistance. (Addicks contended that trial counsel and Addicks's wife were in a conspiracy to deprive Addicks of proceeds from a settlement in a civil case by ensuring his incarceration.) None of the evidence was directed at facts that would be relevant to a statutory basis for expunction such as facts that would have allowed the trial court to find that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

---

[3] The Texas Supreme Court has held that the trial court does not have an independent duty to identify and evaluate, on the record, the relevant *Stone* factors before ruling on a motion for a bench warrant. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (referring to factors to determine whether to issue a bench warrant as articulated in *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)). The litigant must identify with specificity the grounds to establish why his interest in appearing outweighs the impact on the correctional system. *Id.*

The court had before it the necessary records concerning the plea-bargained conviction and could evaluate whether Addicks's petition presented any grounds for expunction.[4] Addicks does not present a reason why an evidentiary hearing was necessary to hear evidence relevant only to an appeal of the underlying conviction. Accordingly, the trial court, under these circumstances, was not required to hold an evidentiary hearing. *See Current*, 877 S.W.2d at 839. Addicks did not establish a reason why his appearance before the court was necessary. *See Z.L.T.*, 124 S.W.3d at 165. We overrule Addicks's first issue.

In his second issue, Addicks contends that the trial court erred in denying his petition for expunction.[5] Again, most of Addicks's arguments needed to have been raised in an appeal from his 1993 conviction. Further, Addicks ignores the circumstance that a count of the indictment was abandoned as part of an agreement. Much of his argument under this issue focuses on what he contends was an improper amendment of the indictment by removing the second count. The State argues that article 55.01(c) prohibits expunction.

The court may not expunge an arrest, even if it resulted in an acquittal, if the arrest arose out of one criminal episode and the petitioner was either convicted of or remains subject to

---

[4] Appellant's petition did not raise any ground, such as a pardon, that would require the development of facts beyond those already in front of the court.

[5] In a supplemental brief, Addicks added a fourth issue: the trial court erred in denying his petition based on insufficient evidence. However, we review the trial court's ruling on a petition for expunction under an abuse of discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). In an abuse of discretion review, legal and factual sufficiency are not independent grounds of error but relevant factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.). This separately stated issue is really an argument under his second issue and will be treated as part of that issue.

prosecution for at least one other offense occurring during the criminal episode. Tex. Code Crim. Proc. Ann. art. 55.01(c). We will assume for the purposes of argument that the State's abandonment of one count of the indictment was the equivalent of an acquittal, which can be a ground for expunction. *Id*. art. 55.01(a)(1)(A). However, article 55.01(c) would bar an expunction under these circumstances. Both counts of the indictment arose out of the same criminal episode and Addicks was convicted of one offense arising out of that episode.**[6]**

The other section of the expunction statute that might apply involves a dismissal of the indictment. However, this section contemplates that the indictment was wrongfully brought in the first place and does not apply to this situation in which an indictment was dismissed pursuant to a plea bargain. *See id*. art. 55.01(a)(2)(A)(i) (limitations had expired), (a)(2)(A)(ii) (presentment based on mistake, false information, or similar reason indicating absence of probable cause).

We conclude that appellant has not met his burden to show that he is entitled to expunction under article 55.01. The trial court did not abuse its discretion in denying the petition for expunction. We overrule his second and fourth issues.[7]

---

**[6]** Addicks does not controvert the statement that the indictments arose out of the same criminal episode. *See* Tex. Penal Code Ann. § 3.01 (West 2003) (definition of criminal episode).

**[7]** Addicks's pending motion to render a ruling on his brief is overruled.

## Conclusion

We have overruled all of appellant's issues.  We affirm the trial court's judgment.


                                        _____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  March 21, 2007

6