NO. 12-08-00040-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS,
§
 APPEAL FROM THE 411TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


MARSHALL SCOTT TAYLOR,

APPELLEE
§
 TRINITY COUNTY, TEXAS

 

OPINION


 The State of Texas appeals the trial court's order of expunction following the dismissal of
charges of official oppression against Marshall Scott Taylor. In one issue, the State argues that
Taylor is not entitled to an expunction because he did not meet his burden of proof under Texas
Code of Criminal Procedure, article 55.01. We reverse and render.


Background

 Taylor was charged by indictment with official oppression alleged to have occurred on
March 26, 2005. Taylor was twice tried on this misdemeanor offense. Both trials ended in a
mistrial. Thereafter, the District Attorney of Trinity County, Texas filed a motion to dismiss the
prosecution against Taylor. The motion to dismiss was granted on July 31, 2007. 

 On September 24, 2007, Taylor filed a petition for expunction. The trial court conducted a
hearing on Taylor's petition on October 16, 2007. At the hearing, the State objected to Taylor's
petition contending that the statute of limitations had not yet run. Ultimately, the trial court granted
the order of expunction. This appeal followed.


Expunction and Limitations

 In his sole issue, the State argues that Taylor is not entitled to an expunction because he did
not meet his burden of proof under Texas Code of Criminal Procedure, article 55.01 since the term
of limitations had not run when Taylor filed his petition. Specifically, the State argues that the
period of limitations was tolled for the time that the indictment was pending.

Standard of Review

 The person who is the subject of an expunction order or an agency protesting the expunction
may appeal the trial court's decision in the same manner as in other civil cases. See Tex. Code
Crim. Proc. Ann. art. 55.02 § 3a (Vernon Supp. 2008). Thus, each law enforcement agency listed
in the petition who has records that are subject to expunction may appeal the trial court's decision
in the same manner as in other civil cases. Ex parte Stiles, 958 S.W.2d 414, 417 (Tex. App.-Waco
1997, pet. denied). A trial court's order in an expunction proceeding is reviewed under an abuse of
discretion standard. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.-Austin
2002, pet. denied). The trial court must strictly comply with the statutory procedures for expunction,
and it commits reversible error when it fails to do so. Ex parte Stiles, 958 S.W.2d at 418.

 In conducting a legal sufficiency review, we "view the evidence in the light favorable to the
verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence
unless reasonable jurors could not." City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005). We
will sustain a no evidence challenge when the record shows that (1) there is a complete absence of
a vital fact, (2) the court is barred from considering the only evidence offered to prove a vital fact,
(3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact. Id. at 810 (citing Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)); Tex.
Dep't of Pub. Safety v. Williams, 76 S.W.3d 647, 649 (Tex. App.-Corpus Christi 2002, no pet.).

Expunction

 A person is entitled to have all records of an arrest expunged only when all statutory
conditions have been met. Harris County Dist. Attorney's Office v. Pennington, 882 S.W.2d 529,
530 (Tex. App.-Houston [1st Dist.] 1994, no writ). The nature of the expunction statute is remedial,
and it should be construed liberally. Id.  The purpose of Article 55.01 is to allow those persons who
are wrongfully arrested to expunge their records. Id. The petitioner in an expunction proceeding
has the burden of proving compliance with the statutory conditions. Wilkomirski v. Texas Criminal
Info. Ctr., 845 S.W.2d 424, 426 (Tex. App.-Houston [1st Dist.] 1992, no writ). Article 55.01
requires strict compliance with conditions imposed by the statute; courts have no equitable power
to expunge criminal records. Collin County Criminal Dist. Attorney's Office v. Dobson, 167
S.W.3d 625, 626 (Tex. App.-Dallas 2007, no pet.).

 In order to satisfy his burden of proof, Taylor was required to demonstrate, among other
things, that the limitations period for the offense with which he was charged expired before the date
on which his petition for expunction was filed. See Tex. Code Crim. Proc. Ann. 55.01(a)(2)(A)(i)
(Vernon 2006). 

 Taylor was charged with misdemeanor official oppression. See Tex. Penal Code Ann.
§ 39.03 (Vernon 2003). The period of limitations for a misdemeanor is two years from the date of
the commission of the offense. See Tex. Code Crim. Proc. Ann. art. 12.02 (Vernon 2005). 
However, in determining the period of limitations, the time during the pendency of an indictment,
information, or complaint shall not be computed. See Tex. Code Crim. Proc. Ann. art 12.05(b)
(Vernon 2005). The term "during the pendency," as used in Article 12.05(b), means that period of
time beginning with the day the indictment, information, or complaint is filed in a court of competent
jurisdiction, and ending with the day such accusation is, by an order of a trial court having
jurisdiction thereof, determined to be invalid for any reason. See Tex. Code Crim. Proc. Ann. art
12.05(c) (Vernon 2005).

 In the case at hand, the record reflects that the offense in question is alleged to have been
committed on March 26, 2005. In his brief, Taylor states that he was indicted on April 20, 2005. (1) 
The prosecution was dismissed on July 31, 2007. As such, the period of limitations for the offense
allegedly committed by Taylor began on March 27, 2005. See Tex. Code Crim. Proc. Ann.
art. 12.04 (Vernon 2005). The period of limitations was tolled from April 20, 2005 until July 31,
2007. See id.; Al Haj v. State, 916 S.W.2d 660, 662 n.3 (Tex. App.-Houston [14th Dist.] 1996), pet.
dism'd, 932 S.W.2d 519 (Tex. Crim. App. 1996) (The period of time beginning with the day the
indictment is filed in a court of competent jurisdiction, and ending with the day such accusation is,
by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason, shall
not be computed in the period of limitation.). As such, assuming that the statute was not tolled for
any other reason, (2) the period of limitations in question does not expire until on or about July 7, 2009. 
Therefore, since Taylor filed his petition for expunction before the expiration of the period of
limitations for the offense with which he was charged, he failed to satisfy his burden of proof. See
Tex. Code Crim. Proc. Ann. 55.01(a)(2)(A)(i). 

 Citing Beam v. State, 226 S.W.3d 392 (Tex. 2007), Taylor argues that the current
jurisprudence sets forth that the limitations period with regard to the expunction of misdemeanors
under Article 55.01 is a simple two year period with no account taken for tolling. However, in
Beam, the court was not presented with the issue of whether the limitations period had been tolled. 
Id. at 395. In fact, the court specifically noted that no indictment or information was presented
against Beam. Id. Taylor further cites Dobson, 167 S.W.3d at 626 (no presentment of indictment
or information), Dallas County Dist. Atty's Office v. Hoogerwerf, No. 02-05-034-CV, 2005 WL
3436557, at *1 (Tex. App.-Fort Worth Dec. 15, 2005, no pet.) (mem. op., not designated for
publication) (no presentment of indictment), and Ex parte McLendon, No. 14-05-00651-CV, 2006
WL 221724, at *1 (Tex. App.-Houston [14th Dist.] Jan. 31, 2006, pet. denied) (petition filed within
five year period of limitations; no reference made to presentation of charging instrument or tolling),
none of which addressed the issue before us.

 We conclude that since Taylor filed his petition for expunction prior to the expiration of the
period of limitations, he failed to show strict compliance with Article 55.01. Thus, we hold that the
trial court erred in granting Taylor's petition for expunction. To the extent that the State's sole issue
related to Taylor's failure to comply with Article 55.01(a)(2)(A)(i), it is sustained. (3) 


Disposition

 Having sustained the State's sole issue in part, we reverse the trial court's order of
expunction and render judgment denying Taylor's petition for expunction.




 SAM GRIFFITH 

 Justice




Opinion delivered September 3, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.



























(PUBLISH)
1. Although the indictment is not part of the clerk's record, neither party disputes that Taylor was indicted
for official oppression on April 20, 2005.
2. See, e.g., Tex. Code Crim. Proc. Ann. art. 12.05(a) (Vernon 2005). 
3. Our sustaining in part of the State's sole issue is dispositive of this matter. Thus, we do not reach the
State's other contentions relating to Texas Code of Criminal Procedure, article 12.05(a).