# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00622-CV

**Sebastian Rangel, Appellant**

**v.**

**Travis County Attorney, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-EX-08-000131, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sebastian Rangel petitioned the district court for the expunction of records concerning his alleged commission of the offense of escape. *See* Tex. Penal Code Ann. § 38.06 (West Supp. 2008). The offense was allegedly committed in 2001 while Rangel was in prison for aggravated assault. The district court denied the petition, and Rangel appeals from the district court's order. In a single point of error, Rangel asserts that the district court abused its discretion when it denied his petition without first allowing him to present evidence at a hearing.

Article 55.01 of the code of criminal procedure governs a petitioner's right to an expunction, while article 55.02 governs the procedures for expunctions. *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West 2006), art. 55.02 (West Supp. 2008). These procedures include a requirement that the trial court set a hearing on a petition for expunction. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 649 (Tex. App.—Austin 2002, pet. denied) (citing Tex. Code Crim. Proc. Ann.

art. 55.02, § 2(c) (providing that "[t]he court shall set a hearing on the matter")). Inmates do not, however, have an absolute right to personally appear at this hearing. *Id.* (citing *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.)). Nor do such hearings have to be oral. *See Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.); *Ex parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ); *see also Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) ("Unless required by the express language or the context of the particular rule, therefore, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court."). "A trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition." *Wilson*, 224 S.W.3d at 863 (citing *Current*, 877 S.W.2d at 839-40). Such information may be found, for example, in the pleadings, affidavits, or other evidence in the judicially noticeable record. *See id.* We review a trial court's decision regarding an inmate's presence at an expunction hearing for abuse of discretion. *See Heine*, 92 S.W.3d at 650.

We first observe that Rangel was provided with notice of the district court's decision to forego a formal hearing. In a July 10, 2008 letter, the district court advised Rangel that it was "setting this matter for July 25, 2008 and a decision will be made at that time." The district court added, "Since you are in the penitentiary, I will be deciding this based on the written record only." On appeal, Rangel asserts that in deciding the case based on the written record only, the district court violated his due process rights. However, the record does not reflect that Rangel made this complaint at any point prior to the hearing. Thus, it appears that Rangel has waived error. *See*

2

Tex. R. App. P. 33.1(a)(1)(A); *McCarroll v. Texas Dep't of Pub. Safety*, 86 S.W.3d 376, 379-80 (Tex. App.—Fort Worth 2002, no pet.) (concluding that petitioner failed to preserve error on complaint that his absence from hearing violated his procedural due process and equal protection rights).

However, even assuming Rangel had preserved error, we could not conclude on this record that the district court abused its discretion in deciding the matter without allowing Rangel to appear. The district court had at its disposal all the information it needed to resolve the issue of whether Rangel was entitled to an expunction. A person is entitled to an expunction only when all statutory requirements have been satisfied. *See Heine*, 92 S.W.3d at 646. One such requirement is that the person not have been convicted of a felony offense in the five years preceding the date of the arrest. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(C). Attached to his petition, Rangel filed a copy of the State's motion to dismiss the escape charges. The motion specifies that the charges were dismissed because Rangel had been convicted of the offense of aggravated assault with a deadly weapon. In a letter sent to both the district court and Rangel, the State advised the district court that it was opposing the expunction because the escape offense Rangel sought to expunge was committed on January 26, 2001, and Rangel's pen packets showed that he was convicted of the offense of aggravated assault with a deadly weapon, a felony offense, on October 17, 2000. These dates were not controverted. Thus, based on the written record alone, the district court could have concluded that Rangel was unable to satisfy one of the statutory requirements for expunction.

Rangel contends, however, that the above conviction is "void or, in the alternative, did not take effect until March 2003," because of the alleged issuance of a judgment nunc pro tunc concerning the deadly-weapon finding. According to Rangel, the convicting court "did not have plenary power to change a judicial error on the judgment." Rangel raises this argument for the first time on appeal. Thus, again, error has not been preserved. *See* Tex. R. App. P. 33.1(a)(1)(A). Moreover, an improper judgment nunc pro tunc would not render the original judgment of conviction void or change the effective date of Rangel's conviction. *See, e.g.*, *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (explaining that judgment is void "only in very rare situations"); *Jones v. State*, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990) ("The written judgment is not itself the conviction but evidence, among other things, that a conviction has occurred."). In any event, if Rangel had wanted to present this argument to the district court, he could have done so without appearing in person. When the district court advised Rangel that it would be deciding his entitlement to expunction "based on the written record only," it also informed Rangel that he had 30 days "to file any additional pleadings." In that time, Rangel filed a response to the State's general denial but did not file any documentation regarding or make any reference to the alleged judgment nunc pro tunc.

We overrule Rangel's sole point of error. The order of the district court is affirmed.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 30, 2009

4