**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellant,**

v.

**Jim JIMENEZ, Appellee.**

No. 01-94-551-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1994.

Rehearing Overruled Nov. 3, 1994.

William J. Delmore, III, Houston, for appellant.

Ralph R. Martinez, Houston, for appellee.

Before COHEN, WILSON and HEDGES, JJ.

## OPINION

COHEN, Justice.

This is an appeal from an order of expunction granted the appellee, Jim Jimenez, relating to his arrest and conviction for sexual assault. We reverse and render judgment in favor of the appellant, Harris County District Attorney's Office (the County).

Jimenez' conviction for sexual assault was reversed and his acquittal was ordered in *Jiminez v. State,* 727 S.W.2d 789 (Tex.App.—

Houston [1st Dist.] 1987, pet. ref'd). Jimenez then sued to expunge his criminal records. The trial judge concluded that Jimenez was entitled to expunction under Tex. Code Crim.P.Ann. art. 55.01(a)(1)(A) and (b)(3) (Vernon Supp.1994).

In its first point of error, the County contends Jimenez was, as a matter of law, not entitled to expunction under art. 55.01(a)(1)(A). We agree.

Article 55.01(a)(1)(A) provides that a person is entitled to expunction if he is "acquitted by the trial court." *Id.* Jimenez was convicted in the trial court. After this Court ordered his acquittal, the trial court presumably reformed its judgment to reflect an acquittal. The issue of which court, trial or appellate, acquitted Jimenez is important because if it was the trial court, Jimenez "is entitled" to expunction, as a matter of law. *Id.* However, if it was not the trial court, then any right to expunction is merely discretionary because the statute provides that "a district court *may* expunge all records" of persons "acquitted by the court of criminal appeals." Art. 55.01(b)(3) (emphasis added).

One court has held that art. 55.01(a)(1)(A) does not to apply to acquittals ordered by a court of appeals. *Ex parte Current,* 877 S.W.2d 833, 836 (Tex.App.—Waco 1994, no writ). We agree with this holding in *Current.* We hold that it was this Court, not the trial court, that acquitted Jimenez. *See Jiminez,* 727 S.W.2d at 793; *see also Current,* 877 S.W.2d at 837 (when acquittal is ordered on appeal, it is the appellate court that acquits).

Jimenez contends that it is unfair to deny him expunction because if the trial judge had acted correctly and granted, rather than overruled, his motion for directed verdict in the criminal trial, Jimenez would unquestionably be entitled to expunction. He should not lose his right to expunction, he argues, because of the trial judge's legal error. We find this argument persuasive,[1] but we can-

---

1. *Compare Herbert v. State,* 827 S.W.2d 507, 508 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Winter v. State,* 725 S.W.2d 728, 731–34 (Tex. App.—Houston [1st Dist.] 1980, no pet.) (Cohen

J., concurring). Texas law allows much more valuable rights than expunction to be lost because of a trial judge's erroneous denial of a motion for directed verdict. *DeGarmo v. State,*

not accept it without destroying the distinction between the mandatory expunction provision of art. 55.01(a)(1)(A) and the discretionary provisions of art. 55.01(b). We assume that in every case of appellate acquittal, the trial court will reform its judgment of conviction to one of acquittal. Thus, under Jimenez's argument, every appellate acquittal would be the equivalent of a trial court acquittal and would thus "entitle" the defendant to mandatory expunction, even though art. 55.01(b) plainly meant for expunction after an appellate acquittal to be discretionary, not mandatory. This result would be the opposite of what the legislature has provided.

We sustain the first point of error.

■ The County's second point of error is that the trial court erred in ordering the expunction based on art. 55.01(b)(3). Again, we agree.

Subsection (b)(3) gives the trial court discretion to order expunction when a person is convicted in the trial court, but is "acquitted by the court of criminal appeals." *Id.* The County contends that this language should be interpreted to mean "the Court of Criminal Appeals of Texas." The *Current* court held that this subsection meant any appellate court with criminal jurisdiction. *Current,* 877 S.W.2d at 839.

We disagree with this holding in *Current.* Rather, we conclude that we are bound by the plain words of the statute. We may not second-guess the legislature, even if we believe that particular laws will have "disastrous or mischievous results." *Board of Ins. Commr's v. Guardian Life Ins. Co.,* 142 Tex. 630, 180 S.W.2d 906, 909 (1944). The words of the statute are clear. The legislature referred to "the court of criminal appeals," not the more general "appellate court." Art. 55.01(b)(3). Also, the legislature used the indefinite article "a" immediately preceding "district court" in § (b), while in subsection (b)(3), it used the definite article "the" immediately preceding "court of criminal appeals."

We do not agree with the statement in *Current* that the statute is nonsensical if it allows expunction after appellate acquittals only by the Court of Criminal Appeals. As recognized in *Current,* prosecutors urged, and legislators agreed, that expunctions after appellate acquittals were "less defensible" than expunctions after trial court acquittals. 877 S.W.2d at 839. If that was their judgment, legislators could have rationally decided to limit the number of "less defensible" expunctions by allowing them based only on the decisions of the nine members of the Court of Criminal Appeals instead of on the decisions of the 80 court of appeals justices. There are a number of acts that fall within the exclusive power of the Court of Criminal Appeals, such as review of death penalties and the granting of post-conviction habeas corpus relief in felony cases. This is simply another addition to that list, even though expunction after acquittal by that court ultimately requires the discretion of the trial court.

We sustain the second point of error.

The County's final point of error is that the trial court abused its discretion in ordering the expunction of Jimenez' criminal records, assuming it has discretion to do so after Jimenez's acquittal in this court. In view of our decision to sustain points one and two, we do not reach point three.

We reverse the judgment and render judgment that expunction be denied.

691 S.W.2d 657, 660–661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).