**HARRIS COUNTY, Appellant,**

v.

**E.B.H., Appellee.**

**No. 01–01–00590–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 9, 2003.

Edmund B. Heimlich, Houston, pro se.

Michael R. Hull, Asst. County Atty., Brian L. Rose, Harris County Dist. Atty., Houston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and PRICE.[*]

## OPINION ON REHEARING

ADELE HEDGES, Justice.

The Court today heard E.B.H.'s motion for rehearing, and the same has been duly considered and found to be without merit. It is therefore ordered that the motion for rehearing is denied. However, this Court's former judgment of July 25, 2002, is vacated, set aside, and annulled. We withdraw our previous opinion of July 25, 2002, and substitute this opinion in its stead.

This is an appeal from an order of expunction granted E.B.H. relating to his criminal records for felony theft. We reverse and render.

### Background

E.B.H. filed a petition for expunction of certain criminal records pertaining to four arrests and prosecutions for various offenses. With regard to the fourth arrest and prosecution, which are the subject of this appeal, E.B.H. pleaded not guilty to the felony offense of theft of property valuing more than $750 and less than $20,000. A jury found him guilty, and the trial court assessed punishment at four years confinement in the Texas Department of Criminal Justice–Institutional Division. The Fourteenth Court of Appeals reversed E.B.H.'s conviction and rendered a judgment of acquittal based on the legal insufficiency of the evidence. *Heimlich v. State*, 988

[*] The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

S.W.2d 382, 385 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

E.B.H. then sued to expunge his criminal records, and the trial court rendered judgment expunging E.B.H.'s criminal records. Harris County appeals the judgment of the trial court.

## Analysis

In two points of error, Harris County contends that E.B.H. was not entitled to an expunction of the felony theft criminal records.

The trial court expunction order stated as follows:

a. An indictment charging Petitioner with the commission of the offense of Theft of property of the value of more than $750.00 and under $20,00.00 [sic] was presented, but it has been dismissed because the presentment was made due to a mistake, false information, or other similar reason indicating the absence of probable cause at the time of the dismissal to believe that the person committed the offense;

b. Petitioner has been released and the charge has not resulted in a final conviction, is no longer pending and there was no court ordered community supervision under Article 42.12, C.C.P.;

c. The Petitioner has not been convicted of a felony in the five years preceding the date of his arrest; and

d. The offense for which Petitioner was acquitted did not arise out of a criminal episode....

■ Although the expunction order did not provide a statute upon which it was based, the language set forth above corresponds to article 55.01(a)(2) of the Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 55.01(a)(2).[1] After reviewing the record, we found no evidence to show that the requirements of article 55.01(a)(2) were met. Specifically, there is no evidence proving the recitations in the expunction order that E.B.H.'s indictment was "dismissed because the presentment was made due to a mistake, false information, or other similar reason indicating the absence of probable cause at the time of the dismissal to believe that the person committed the offense."

E.B.H.'s indictment was not dismissed. Instead, the Fourteenth Court of Appeals reversed the conviction and rendered a judgment of acquittal based on sufficiency of the evidence. *Heimlich,* 988 S.W.2d at 385. We hold that the evidence is legally insufficient to show that E.B.H. was entitled to an expunction based on Article 55.01(a)(2).

■ Nor was E.B.H. entitled to an expunction under articles 55.01(a)(1)(A) and 55.01(b)(3). Article 55.01(a)(1)(A) provides that a person is entitled to expunction if he is "acquitted by the trial court." Tex.Code Crim. Proc. Ann. art. 55.01(a)(1)(A). Article 55.01(b)(3) provides that a district court may expunge arrest records if a defendant is "acquitted by the court of criminal appeals." Tex.Code Crim. Proc. Ann. art. 55.01(b)(3).

E.B.H. was not acquitted by the trial court or by the court of criminal appeals. Instead, the Fourteenth Court of Appeals rendered a judgment of acquittal. *Heimlich,* 988 S.W.2d at 385. We have previously decided this issue in *Harris County*

---

1. Because E.B.H. was arrested on September 7, 1993, the 1993 version of the statute applies. The statute has since been amended; however, the current statute is substantially the same as the 1993 version for the issues presented in this appeal. Acts 1993, 73rd Leg., ch. 900, § 7.02(a), eff. Sept. 1, 1993 (current version at Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon Supp.2003)).

*Dist. Attorney's Office v. Jimenez,* 886 S.W.2d 521, 522–23 (Tex.App.-Houston [1st Dist.] 1994, writ denied). We are bound by the plain language of the statute, which refers to the "court of criminal appeals," not to this Court.

 We acknowledge that *Ex parte Current* held that the statute is "nonsensical" if it allows expunction after appellate acquittals only by the Court of Criminal Appeals. 877 S.W.2d 833, 836 (Tex.App.-Waco 1994, no writ). The *Current* court concluded that "the legislature intended to allow for the expunction of criminal records when the defendant is acquitted by an appellate court and did not intend to limit that eligibility to defendants acquitted only by the Court of Criminal Appeals." *Id.* at 839. Notwithstanding its disposition, the *Current* court conceded that prosecutors urged, and legislators agreed, that expunctions after appellate acquittals were "less defensible" than expunctions after trial court acquittals. *Id.* at 839.[2] As we stated in *Jimenez,* "We may not second-guess the legislature, even if we believe that particular laws will have 'disastrous or mischievous results.'" *Jimenez,* 886 S.W.2d at 523. We leave the problem to the legislature for further consideration. *Wilkomirski v. Tex. Criminal Info. Ctr.,* 845 S.W.2d 424, 427 (Tex.App.-Houston [1st Dist.] 1992, no writ).

For the reasons outlined in *Jimenez,* E.B.H. is not entitled to expunction under article 55.01 of the felony theft arrest and prosecution records. We sustain Harris County's points of error one and two.

### Conclusion

E.B.H.'s motions for rehearing and for en banc consideration are denied. We hold that E.B.H. was not entitled to an expunction of the criminal records pertaining to his arrest and prosecution for the felony offense of theft of property valuing more than $750 and less than $20,000. We reverse that portion of the trial court's judgment, and we render judgment in favor of Harris County that E.B.H. was not entitled to an expunction of the criminal records pertaining to his arrest for theft of property valuing more than $750 and less than $20,000.

A unanimous Court voted to overrule the motion for rehearing en banc.

2. We note that the statute was drafted before Texas courts of appeals acquired criminal jurisdiction. Although the statute has been amended since then, including in 1993, when acquittal by the Court of Criminal Appeals was added as grounds for expunction, the plain language of the statute still refers to the Court of Criminal Appeals, not to this Court. We are bound by the plain language of the statute.