Opinion issued December 9, 2010

 



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO. 01-09-00748-CV

———————————

Timothy
Dewayne Randle, Appellant

 

V.

 

Galveston County DISTRICT
Clerk and Galveston County Sheriff’s Office,
Appellees



 



 

On Appeal from the 405th
District Court

Galveston County, Texas



Trial Court Case No. 09-CV-0101

 



 

 

MEMORANDUM
OPINION

 

          Appellant
Timothy Dewayne Randle appeals the trial court’s order dismissing his suit
seeking expunction of his criminal records pursuant to article 55.01(b) of the
Code of Criminal Procedure.  On the
motion of appellee, the Galveston County District Clerk, the trial court
dismissed Randle’s suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies
Code, concerning inmate litigation.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon
2002).  On appeal, Randle contends that the trial court erred by failing to
require the District Clerk and the Galveston County Sheriff’s Office to ensure
that the Texas Department of Criminal Justice deleted an affirmative deadly
weapon finding from his criminal records and by not holding a hearing before
dismissing his suit.  We conclude the
trial court properly dismissed Randle’s suit because he is not entitled to expunction
pursuant to article 55.01(b).  

Background

          Randle
was convicted of attempting to take a weapon from a police officer and
sentenced to life in prison.  Randle v. State, No. 01-91-00793-CR,
1994 WL 168267, at *1 (Tex. App.—Houston [1st Dist.] May 5, 1994, pet.
ref’d).  The trial court made an
affirmative deadly weapon finding.  Id. 
Randle appealed, and this Court reformed
the trial court’s judgment to delete the deadly weapon finding and affirmed the
judgment as reformed.  Id. at *9.  

          Randle filed a petition for expunction under article 55.01(b) of the Code
of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 55.01(b)
(Vernon Supp. 2010).  Randle alleged that the Texas Department of Criminal Justice is
calculating his eligibility for parole based upon an affirmative deadly weapon
finding.  He sought an order from the
trial court requiring the Texas Department of Criminal Justice “and all of the
law enforcement agencies and other officials that have records” of his
conviction to delete the affirmative finding of a deadly weapon.  The Galveston County District Clerk answered
and, asserting that Randle’s suit had no basis in law because he did not meet
the requirements of the expunction statute, moved to dismiss his suit as
frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon
2002).  The trial court granted the motion to
dismiss.

 Analysis

          In his first and second issues, Randle
contends that the trial court erred by failing to grant his petition for
expunction and by failing to require the Galveston Sheriff’s Office or
Galveston District Clerk to ensure that the Texas
Department of Criminal Justice removed the deadly weapon finding from Randle’s record.  

          Chapter 14 of the Texas Civil Practice
and Remedies Code, entitled “Inmate Litigation,” applies to a lawsuit brought
by an inmate who files an affidavit or unsworn declaration of inability to pay
in order to avoid costs.  Tex. Civ. Prac. & Rem. Code Ann. §
14.002 (Vernon 2002).  Under Chapter 14,
a trial court may dismiss such an inmate’s lawsuit that is malicious or
frivolous.  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). 

To determine whether a lawsuit is malicious or frivolous,
a court may consider whether:

 

(1)     the claim’s
realistic chance of ultimate success is slight;

 

(2)     the claim
has no arguable basis in law or in fact;

 

(3)     it is clear
that the party cannot prove facts in support of the claim; or

 

(4)     the claim is
substantially similar to a previous claim filed by the     inmate because the claim arises from the same operative facts.     

 

Id. § 14.003(b) (Vernon 2002).  When a lawsuit is dismissed as frivolous for
having no basis in law or in fact, but no fact hearing was held, we focus on
whether the inmate’s lawsuit has an arguable basis in law, which we review de
novo.  Scott v. Galagher, 209 S.W.3d 262, 266 (Tex.
App.—Houston 2006, no pet.).  

          A claim has no arguable basis in law
if it is an “indisputably meritless legal theory.”  Minix v. Gonzales, 162 S.W.3d 635, 637
(Tex. App.—Houston [14th Dist.] 2005, no pet.). 
“In conducting our de novo review, we take as true the allegations of
the inmate’s petition.”  Scott, 209 S.W.3d at 266 (citing Long v.
Tanner, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005, pet. denied)).  “In other words, we review the inmate’s
petition to determine whether, as a matter of law, it stated a cause of action
that would authorize relief.”  Id. at 266­–67.  A court may not dismiss an inmate’s lawsuit
simply because it thinks that the inmate’s allegations are “unlikely.”  Id.
at 267 (citing Minix, 162 S.W.3d at 637). 

          Randle sought expunction under article
55.01(b) of the Code of Criminal Procedure. 
See Tex. Code Crim. Proc. Ann.
art. 55.01(b).  The right to expunction
is a statutory privilege and, as such, all provisions of the statute “are
mandatory and exclusive and a person is entitled to expunction only when all of
the conditions have been met.”  In re Expunction of A.R., 225 S.W.3d
643, 646 (Tex. App.—El Paso 2006, orig. proceeding).  Article 55.01(b)(3) provides that a district court may
expunge arrest records if a defendant is “acquitted by the court of criminal
appeals.”  Id.  Randle was not acquitted
by the Court of Criminal Appeals. 
Instead, this Court modified the judgment of conviction to delete the
affirmative finding of a deadly weapon and affirmed the judgment as modified.  Randle,
1994 WL 168267, at *9.  This Court has previously decided that the
plain language of the statute does not apply to an acquittal by this Court but
only to an acquittal by the Court of Criminal Appeals.  Harris
County v. E.B.H., 95 S.W.3d 719, 721–22 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied) (citing Harris County Dist.
Attorney’s Office v. Jimenez, 886 S.W.2d 521, 522–23 (Tex. App.—Houston [1st Dist.] 1994,
writ denied)).  Because Randle was not
acquitted by the Court of Criminal Appeals, he is not eligible for expunction
and his petition failed to state a cause of action that would authorize
relief.  See id.; see also In re Expunction of A.R.,
225 S.W.3d at 647 (noting expunction not warranted unless all conditions of
statute are met).  We therefore hold that Randle’s
petition for expunction under article 55.01(b) had no arguable basis in law and
the trial court did not err by dismissing the suit.

          In his third issue, Randle contends
that the trial court erred by dismissing his lawsuit without holding a
hearing.  A trial court has discretion to
decide whether to hold a hearing when considering a motion to dismiss a suit
pursuant to Chapter 14.  Williams v.
Brown, 33 S.W.3d 410, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.); Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c).  Randle concedes that live
testimony was not necessary, and we conclude the trial court did not err by
deciding the motion to dismiss without a hearing.  See Williams, 33 S.W.3d at 411.  

          We overrule Randle’s three issues.  Although we overrule his issues on appeal, we
note that the thrust of Randle’s case appears to be that the Texas Department
of Criminal Justice is improperly calculating his sentence.  As suggested in the appellees’ brief, a
post-conviction application for a writ of habeas corpus appears to be an
appropriate procedural means for Randle to pursue this claim.  See Ex
parte Gabriel, 56 S.W.3d 595, 595–96 (Tex. Crim. App. 2001) (citing Tex. Code Crim. Proc. art. 11.07).  




 

Conclusion

          We affirm the trial court’s order of
dismissal.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Massengale and Nuchia.[*]








 

 











[*]           The Honorable Sam Nuchia, Senior
Justice, Court of Appeals for the First District of Texas, participating by
assignment.