Aymen Hassan AL HAJ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–01032–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 1996.

Stanley G. Schneider, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

YATES, Justice.

Appellant pled guilty pursuant to a plea agreement to the felony offense of delivery of a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 1992).[1] The trial court found him guilty and assessed punishment at six years confinement in the Institutional Division of the Texas Department of Criminal Justice. In two points of error, appellant contends the trial court erred in overruling two pretrial motions. We affirm.

In 1985, the State charged appellant in a three-paragraph indictment with delivery of cocaine by actual transfer, constructive transfer, and transfer by offer to sell, respectively. The State abandoned paragraphs two and three, and appellant pled guilty to paragraph one, that is, delivery by actual transfer. The trial court assessed punishment at ten years imprisonment, a fine of $5,000, and probated the imprisonment. In 1989, the

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

trial court revoked appellant's probation, and reduced the term of confinement to six years. This Court affirmed the conviction on November 8, 1990.

Appellant filed a writ of habeas corpus with the Texas Court of Criminal Appeals alleging the trial court failed to admonish him that he may be deported as a result of his plea of guilty. The court of criminal appeals granted relief, set aside the judgment, and remanded the cause to the trial court. In February 1993, appellant filed a motion to limit prosecution to the allegation of delivery of a controlled substance by actual transfer, the allegation to which he had pled guilty in 1985. The trial court overruled the motion and allowed the State to proceed on the original three-paragraph indictment because the court found the State had abandoned paragraphs two and three of the indictment in exchange for appellant's plea of guilty to the first paragraph.

In March 1993, appellant filed a motion to quash the indictment, which motion was carried over to each subsequent indictment. At a plea hearing in March 1993, appellant pled guilty to the third paragraph of the indictment, namely, delivery by offer to sell, pursuant to the State's agreement to abandon the first two paragraphs of the indictment. The trial court rejected appellant's plea, finding it to be involuntary. In June 1993, the State refiled the original three-paragraph indictment under a different cause number, which the trial court subsequently dismissed upon the State's motion. The State refiled a third indictment alleging the same three theories of delivery in July 1993.[2] On November 15, 1993, appellant's motion to quash the indictment was overruled. On the same day, appellant pled guilty to the three-paragraph indictment and the trial court found him guilty.

Appellant contends in his first two points of error that the trial court erred in overruling his pretrial motions to limit prosecution and to quash the indictment because the statute of limitations had run on the charge of delivery of cocaine by offer to sell, the charge to which he pled guilty in March 1993.

■ Appellant waives review of his first point of error because the motion to limit prosecution is not in the record on appeal. The burden is on appellant to present a sufficient record to show error requiring reversal. Tex.R.App.P. 50(d); *Callahan v. State*, 814 S.W.2d 420, 423 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Although the trial judge heard arguments of counsel on the motion and overruled it, no written motion appears in the record. In an appeal from a plea bargained conviction, a defendant must request the trial court's permission to appeal any nonjurisdictional matter in the case, except for those matters raised by written motion and ruled on before trial. Tex. R.App.P. 40(b)(1); *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). Because rule 40(b) requires a written motion filed with the court and ruled on before the guilty plea is entered, and no such record is before this Court, we are without jurisdiction to consider point of error one. *Lyon,* 872 S.W.2d at 736. Appellant's first point of error is overruled.

■ Appellant's motion to quash the indictment, the subject of his second point of error, does appear in the record before this Court. Appellant asserts two arguments in his second point of error. First, appellant alleges the effect of abandoning a paragraph in an indictment charging a type or manner of delivery is tantamount to dismissing the felony charge of delivery in the manner alleged. Thus, appellant argues, when the State abandoned the second and third paragraphs of the 1985 indictment, which alleged delivery by constructive transfer and delivery by offer to sell, the statute of limitations began to run as to those paragraphs and by 1993 had expired.[3]

---

**2.** The third indictment also included a paragraph alleging the statute of limitations was tolled from February 8, 1985, the date of the original indictment until October 14, 1992, the date the conviction was set aside by the court of criminal appeals.

**3.** The statute of limitations for delivery of a controlled substance is three years. Tex Code Crim. Proc.Ann. art. 12.01(5) (Vernon Supp.1996). The period of time beginning with the day the indictment is filed in a court of competent jurisdiction, and ending with the day such accusation is, by

■ Secondly, appellant maintains the State may not revive the two abandoned paragraphs because the effect of a reversal by the court of criminal appeals is to restore the status of a case to its legal position at the time of arraignment. Because he faced a one-paragraph indictment charging him with delivery by actual transfer at the time of arraignment in 1985, appellant claims the State could only charge him with the same actual delivery in 1993.

■ Generally, the manner of committing an offense is an evidentiary matter that the State need not plead. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App. 1990). In an indictment for delivery of a controlled substance, however, the State must allege the type or manner of delivery, or any disjunctive combination of the three, because the type of delivery the State will attempt to prove is critical to the preparation of a defense. *Geter v. State*, 779 S.W.2d 403, 406 (Tex.Crim.App.1989); *Queen v. State*, 662 S.W.2d 338, 341 (Tex.Crim.App.1983). Such specificity is required because the type of delivery goes to the very essence of the State's case, and is necessary to adequately inform the defendant of the charge against him. *DeVaughn v. State*, 749 S.W.2d 62, 69 (Tex.Crim.App.1988). When the State specifically alleges the type of delivery in an indictment, it must prove the allegation beyond a reasonable doubt at trial. *Conaway v. State*, 738 S.W.2d 692, 694 (Tex.Crim.App. 1987). By abandoning two of the three types of delivery in an indictment, the State, in effect, narrows its evidentiary proof to the remaining allegation, and increases its burden of proof at trial. *See White v. State*, 874 S.W.2d 229, 233 (Tex.App.—Houston [14th Dist.]), *pet. dism'd, improvidently granted,* 890 S.W.2d 69 (Tex.Crim.App.1994).

■ A specific allegation of the type of delivery in an indictment, however, does not create a subcategory of a criminal offense, which, if dismissed, falls prey to the statute of limitations. The statute of limitations set forth in the Texas Code of Criminal Procedure establishes a limitation period for prose-

cuting criminal offenses, but it does not explicitly or implicitly set forth a limitation period for prosecuting the separate manner of committing such offenses. *See* TEX.CODE CRIM.PROC.ANN. art. 12 (Vernon 1977, & Supp.1996). Because the 1985 indictment was valid, it tolled the period of limitations for prosecuting the felony offense of delivery of a controlled substance. *Vasquez v. State,* 557 S.W.2d 779, 783 (Tex.Crim.App.1977); *see also* TEX.CODE CRIM.PROC.ANN. arts. 12.05, 12.06 (Vernon 1977 & Supp.1996).

When the court of criminal appeals reversed appellant's case and remanded the cause to the trial court, the cause pending against appellant stood as if the trial court had granted him a new trial. TEX.CODE CRIM.PROC.ANN. art. 44.29 (Vernon Supp. 1996). In effect, the granting of a new trial restored appellant's case to its status before the 1985 trial, including arraignment or any pretrial proceedings initiated by appellant or the State. TEX.R.APP.P. 32. Appellant maintains the reversal froze the indictment at arraignment after the State abandoned the two delivery paragraphs, thus precluding the State from resurrecting the two paragraphs. While article 44.29(b) and Rule 32 restored appellant's case to its legal status before the 1985 trial, they did not freeze appellant's case at that point in time. *Sanders v. State,* 832 S.W.2d 719, 722 (Tex.App.—Austin 1992, no pet.). If necessary, the State could have, among other options, amended the indictment, or moved to dismiss it and refiled a new one, as the State did in this case. TEX. CODE CRIM.PROC.ANN. arts. 28.10, 28.05 (Vernon 1989); *see also State v. Fass,* 846 S.W.2d 934, 935 (Tex.App.—Austin 1993, no pet.). Appellant's second point of error is overruled.

The judgment of the court below is affirmed.

---

an order of a trial court having jurisdiction thereof, determined to be invalid for any reason, shall not be computed in the period of limitation.

TEX CODE CRIM.PROC.ANN. arts. 12.05(b) & (c) (Vernon 1977 & Supp.1996).