NUMBER 13-04-059-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

IN RE: H&R Block, et al. 
                                                                                                                      

On Petition for Writ of Mandamus
                                                                                                                      


O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza

          On February 2, 2004, relators, H&R Block, H&R Block and Associates, L.P., H&R
Block Tax Services, Inc. (“Tax Services”), H&R Block, Ltd., and HRBO II, Inc., filed a
petition for writ of mandamus and an emergency motion to stay proceedings. The petition
requested that this Court direct respondent, Judge J. Manuel Banales of the 105th District
Court of Kleberg County, to vacate his order of January 30, 2004, which denied relators’
motion for continuance. Relators also asked that this Court further instruct respondent: (1)
to hear relator Tax Service’s special appearance in Cause No. 01-032-D before hearing
any other motion filed by relators and prior to hearing a motion for partial summary
judgment filed by the real party in interest, Desiri L. Soliz; and (2) to rule on class
certification before ruling on the motion for partial summary judgment. The emergency
motion requested that this Court direct respondent to stay certain pre-trial proceedings
scheduled for February 5, 2004. 
          This Court stayed all proceedings in the underlying action and requested a response
from the real party in interest. The response was filed on February 19, 2004 and
requested sanctions against relators. Having reviewed and considered the arguments and
authorities presented by both sides, we deny relators’ petition for writ of mandamus and
the real party in interest’s request for sanctions.
I. Background
          This mandamus proceeding arises from a class action suit filed by Soliz against
relators. The suit alleges that relators have engaged in the unlawful practice of selling
insurance without a license. Soliz contends that the “peace of mind” guarantees sold in
connection with relators’ tax preparation services constitute insurance policies. Although
Soliz included a prayer for certification in her live petition, no hearings on certification have
been scheduled and no motion for certification has been filed. The class remains
uncertified.
          In response to the suit, relator Tax Services filed a special appearance, contesting
the trial court’s exercise of personal jurisdiction. Subsequently, all five relators, including
Tax Services, filed a motion to compel arbitration, a motion to transfer venue to Travis
County or Dallas County, and a plea to the jurisdiction. Tax Services participated in these
filings subject to its special appearance. Soliz then filed a motion for partial summary
judgment in which she asked the trial court to decide as a matter of law that: (1) the
“peace of mind” guarantees constitute insurance; and (2) parties selling these guarantees
are engaged in the unlawful sale of insurance without a license. The motion, however, was
filed against only two of the five relators: H&R Block Ltd. and HRBO II, Inc.
          The trial court scheduled hearings on these matters as follows. Relators’ plea to the
jurisdiction, motion to compel arbitration, and motion to transfer venue were to be heard
on February 5, 2004. The real party in interest’s motion for partial summary judgment was
also to be heard that day. A hearing on Tax Services’ special appearance was to be held
on February 20, 2004.
           In response to this schedule, relators filed two motions for continuance requesting
that the court stay the proceedings set for February 5 (except those regarding discovery
on the special appearance) until after Tax Services’ special appearance was heard on
February 20. Relators also requested that the court delay hearing Soliz’s motion for partial
summary judgment until after deciding whether to certify a class of plaintiffs. In an order
dated January 30, 2004, the trial court denied both motions. This mandamus ensued. 
II. Analysis
          Mandamus is an extraordinary writ and will issue only to correct a clear abuse of
discretion that cannot be remedied on appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992) (orig. proceeding); In re Dryden, 52 S.W.3d 257, 261 (Tex. App.–Corpus
Christi 2001, orig. proceeding). The burden of showing an abuse of discretion as well as
the inadequacy of a remedy by appeal is on the relator. Canadian Helicopters, Inc. v.
Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is a heavy burden. Lutheran
Social Serv., Inc. v. Meyers, 460 S.W.2d 887, 889 (Tex. 1970) (orig. proceeding). 
          In the case at bar, relators argue that the trial court committed two abuses of
discretion that each warrant relief by writ of mandamus. The first was its decision to hear
the real party in interest’s motion for partial summary judgment before deciding whether
a class of plaintiffs may be certified. The second was its refusal to decide Tax Services’
special appearance before the pending motions and plea to the jurisdiction. Of these two
rulings, we conclude that only the latter constituted an abuse of discretion. Nevertheless,
mandamus relief is not appropriate. 
A. Motion for Partial Summary Judgment 
          Under rule 42(c)(1), “As soon as practicable after the commencement of an action
brought as a class action, the court shall, after hearing, determine by order whether it is to
be so maintained.” Tex. R. Civ. P. 42(c)(1). Relators contend that the trial court’s order
denying their motion for continuance violated rule 42(c)(1) because it allows a decision on
the merits impermissibly to precede a certification determination. Relators, however, have
cited no Texas precedent to support their position. We have before us no binding authority
that says “as soon as practicable” means “before anything else” or that it means “before
a merits determination.” To the contrary, “as soon as practicable” indicates a discretionary
authority in the trial court to determine the appropriate time for ruling on a motion for class
certification. In the absence of any binding authority supporting relators’ contention, we
cannot say that the trial court abused its discretion.  
          In a different approach to the same argument, relators maintain that the order
denying their continuance was an abuse of discretion because notice must be given to the
class members prior to a determination on the merits. We agree with this proposition but
reject relators’ conclusion that the trial court abused its discretion. Under rule 42(c)(2),
“After the court has determined that a class may be maintained it shall order the party
maintaining the class action to direct to the members of the class the best notice
practicable under the circumstances. . . .” Tex. R. Civ. P. 42(c)(2); see Kondos v. Lincoln
Prop. Co., 110 S.W.3d 716, 723 (Tex. App.–Dallas 2003, no pet.) (“The requirements for
class notice set forth in rule 42(c)(2) and (3) make clear that notice is to be given to the
class prior to a determination on the merits.”). Importantly, rule 42(c)(2) imposes on the
court the duty to direct notice to members of the class only “after the court has determined
that a class may be maintained.” Furthermore, as we have explained previously, until the
trial court certifies a class, a suit brought as a class action is treated as if it were brought
by the named plaintiffs suing on their own behalf. Palais Royal v. Partida, 916 S.W.2d
650, 653 (Tex. App.–Corpus Christi 1996, no pet.). No class has been certified in this
case, and therefore, no notice is owed to potential class members under the plain
language of rule 42(c)(2). 
          Nevertheless, relators cite the Dallas court’s decision in Kondos and maintain that
potential class members must be given notice and an opportunity to opt-out before a trial
court addresses the merits of the class claims. Kondos, 110 S.W.3d at 723. Kondos is
distinguishable from the instant case. In Kondos, the trial court certified a class of
plaintiffs, and in the same order, it decided a merits issue. Id. In this case, no class has
been certified, no motion for class certification has been filed, and no hearing is set on
class certification issues. In short, there is no reason to believe a class will be certified. 
In Kondos, the court certified a class and then, without notice to the class, proceeded to
rule on the merits of its claims. Id. In Kondos, but not in this case, the trial court had a
clear duty to notify potential class members under the plain language of rule 42(c)(2). 
Based on these differences, we conclude that Kondos is not controlling.
          Relators also argue that deciding an issue that goes to the merits of a class claim
before certification is an abuse of discretion under the Texas Supreme Court’s Beeson
decision. Intratex Gas Co. v. Beeson, 22 S.W.3d 398 (Tex. 2000). In Beeson, the
certification order defined the class in such a way that a plaintiff would know whether he
or she were a member of the class only after a merits determination. Id. at 405. The
supreme court reversed the certification, holding that: 
A proposed class definition that rests on the paramount liability question
cannot be objective, nor can the class members be presently ascertained;
when the class definition is framed as a legal conclusion, the trial court has
no way of ascertaining whether a given person is a member of the class until
a determination of ultimate liability as to that person is made.
 
Id. at 404. This case presents a different situation. There has been no certification of a
class and no creation of a “fail-safe” class. We cannot use Beeson to say that the trial
court abused its discretion.
          In sum, relators have not established a clear abuse of discretion. We deny their
request for mandamus relief regarding the denial of their continuance of the real party’s
motion for partial summary judgment. 
B. Special Appearance 
          Next, we consider Tax Services’ argument regarding its special appearance. Under
rule 120a(2), “Any motion to challenge the jurisdiction provided for herein [(i.e., a special
appearance)] shall be heard and determined before a motion to transfer venue or any other
plea or pleading may be heard.” Tex. R. Civ. P. 120a(2). Tax Services argues that the trial
court’s schedule violated this rule because it called for the court to hear a motion to
transfer venue and a plea to the jurisdiction before hearing and determining Tax Services’
special appearance. We agree. The rules of civil procedure give the trial court no
discretion to hear a motion to transfer venue or any other plea or pleading before hearing
and determining a special appearance. Id.; see Tex. R. Civ. P. 84 (“[M]atters shall be heard
in such order as may be directed by the court, special appearance and motion to transfer
venue, and the practice thereunder being excepted herefrom.”). Thus, the trial court erred
in denying relators a continuance of all motions and pleas until after the special
appearance was heard and decided.
          Having established an abuse of discretion, we must now determine whether an
adequate remedy will be available to Tax Services on appeal. See Walker, 827 S.W.2d
at 842 (describing the inadequate appellate remedy requirement as a “fundamental tenet”
of mandamus practice). A party establishes that no adequate remedy at law exists by
showing that the party is in real danger of losing its substantial rights. Canadian
Helicopters, 876 S.W.2d at 306. An appellate remedy is not inadequate merely because
it may involve more expense or delay than obtaining an extraordinary writ. Walker, 827
S.W.2d at 842.
             Mandamus relief is generally not available to review the denial of a motion for
continuance. Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 477 (Tex. 1997) (orig.
proceeding) (“In the absence of any other error, we would not grant extraordinary relief
merely to revise a trial judge’s scheduling order, however perverse.”) (emphasis added). 
Only when there are “special circumstances” will the court’s order on a continuance be the
proper subject of a mandamus proceeding. See id. 
         “Special circumstances” are present where other errors exist that are themselves
properly reviewed on petition for writ of mandamus. For instance, in Gayle, the supreme
court reviewed the denial of a motion for continuance that sought to extend the deadline
for paying jury trial fees. See id. at 476. The relator paid the fees beyond the court’s
deadline, which according to the trial court, foreclosed a trial by jury. See id. On petition
for writ of mandamus, the relator raised two errors: one involving a discovery order and
another regarding its motion to continue the deadline for paying jury trial fees. Id. at 470-71. After reviewing the discovery order error and concluding that mandamus relief was
appropriate to correct it, the supreme court decided that the “special circumstances” of the
case put the second error properly before it on petition for writ of mandamus, even though
taken alone, the denial of a motion for continuance, even one that foreclosed a trial by jury,
could not otherwise be properly reviewed in a mandamus proceeding. See id. at 477. The
supreme court noted that the denial of a jury trial could be reviewed by ordinary appeal but
decided that given the “special circumstances” of the case, judicial economy dictated that
the jury trial error be reviewed on petition for writ of mandamus along with the discovery
order error. Id. 
       Similarly, in a case decided one year after Gayle, the supreme court held that “special
circumstances” were present where the trial court had made two discovery rulings that
were each properly before the court on mandamus review. In re Colonial Pipeline Co., 968
S.W.2d 938, 943 (Tex. 1998) (orig. proceeding). Based on these “special circumstances,”
it held that a third error, which extended the time for the plaintiff to respond to written
discovery requests, was also reviewed properly on petition for writ of mandamus. See id. 
Notably, the supreme court did not address whether the third error could be reviewed by
ordinary appeal. See id. Instead, it concluded that given the “special circumstances” of
the case, the interests of judicial economy dictated that the supreme court review the
scheduling order on petition for writ of mandamus. Id. 
          This case lacks the “special circumstances” necessary to make an order denying
a motion for continuance available for review on petition for writ of mandamus. We are
therefore without authority to issue an extraordinary writ to correct the trial court’s ruling.Without addressing the supreme court’s bright-line rule on this issue, relators argue
that if the trial court is permitted to consider matters before the special appearance in
contravention of rule 120a, any remedy on appeal will not be able to undo that course of
events. According to relators, if Tax Services’ special appearance is not heard first, but is
heard fourth or fifth, then that cannot be remedied by a later appeal. In its petition, Tax
Services asserts a right to expeditious release from the lawsuit and claims that right is
violated and cannot be restored if the trial court hears the special appearance after a
motion to transfer venue or a plea to the jurisdiction. 
          Although these arguments do not lack intuitive logical appeal, supportive precedent
is conspicuously absent. Relators have cited no case law in which mandamus relief was
awarded under circumstances such as those presented by this case. They have referred
us to no cases that establish the inadequacy of appellate review to remedy the abuse of
discretion committed by the trial court. We agree with relators that a special appearance
is to be heard first and that it is not to be heard second, but we disagree that rule 120a
creates a substantial right that would be lost permanently if a special appearance were to
be heard second and not first. Given the absence of any supportive case law, we conclude
that relators’ assertion of a right to “expeditious release from the lawsuit” is little more than
a legal contrivance intended to circumvent the supreme court’s admonition that increased
expense and delay will not render an otherwise suitable appellate remedy inadequate. See
Walker, 827 S.W.2d at 842; Canadian Helicopters, 876 S.W.2d at 306. Tax Services has
a right to challenge personal jurisdiction. If the trial court denies its special appearance,
Tax Services has a right to interlocutory appellate review of that decision. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon Supp. 2004). That remedy is adequate.
III. Conclusion
          Having reviewed relators’ petition for writ of mandamus, the real party in interest’s
response, and relators’ reply, this Court, after consideration of all arguments and
authorities, denies the petition and lifts the stay granted on relators’ emergency motion. 
The real party in interest’s request for sanctions is denied. 
          
 
 
                                                                                      _______________________
                                                                                     DORI CONTRERAS GARZA,
                                                                                      Justice
 
Opinion delivered and filed 

 
this the 24th day of March, 2004.