# NO. 12-08-00040-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *MARSHALL SCOTT TAYLOR,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *OPINION*

The State of Texas appeals the trial court's order of expunction following the dismissal of charges of official oppression against Marshall Scott Taylor. In one issue, the State argues that Taylor is not entitled to an expunction because he did not meet his burden of proof under Texas Code of Criminal Procedure, article 55.01. We reverse and render.

### BACKGROUND

Taylor was charged by indictment with official oppression alleged to have occurred on March 26, 2005. Taylor was twice tried on this misdemeanor offense. Both trials ended in a mistrial. Thereafter, the District Attorney of Trinity County, Texas filed a motion to dismiss the prosecution against Taylor. The motion to dismiss was granted on July 31, 2007.

On September 24, 2007, Taylor filed a petition for expunction. The trial court conducted a hearing on Taylor's petition on October 16, 2007. At the hearing, the State objected to Taylor's petition contending that the statute of limitations had not yet run. Ultimately, the trial court granted the order of expunction. This appeal followed.

In his sole issue, the State argues that Taylor is not entitled to an expunction because he did not meet his burden of proof under Texas Code of Criminal Procedure, article 55.01 since the term of limitations had not run when Taylor filed his petition. Specifically, the State argues that the period of limitations was tolled for the time that the indictment was pending.

## Standard of Review

The person who is the subject of an expunction order or an agency protesting the expunction may appeal the trial court's decision in the same manner as in other civil cases. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 3a (Vernon Supp. 2008). Thus, each law enforcement agency listed in the petition who has records that are subject to expunction may appeal the trial court's decision in the same manner as in other civil cases. *Ex parte Stiles*, 958 S.W.2d 414, 417 (Tex. App.–Waco 1997, pet. denied). A trial court's order in an expunction proceeding is reviewed under an abuse of discretion standard. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to do so. *Ex parte Stiles*, 958 S.W.2d at 418.

In conducting a legal sufficiency review, we "view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a no evidence challenge when the record shows that (1) there is a complete absence of a vital fact, (2) the court is barred from considering the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362-63 (1960)); *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 649 (Tex. App.–Corpus Christi 2002, no pet.).

## Expunction

A person is entitled to have all records of an arrest expunged only when all statutory conditions have been met. *Harris County Dist. Attorney's Office v. Pennington*, 882 S.W.2d 529, 530 (Tex. App.–Houston [1st Dist.] 1994, no writ). The nature of the expunction statute is remedial, and it should be construed liberally. *Id.* The purpose of Article 55.01 is to allow those persons who

2

are wrongfully arrested to expunge their records. *Id.* The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Wilkomirski v. Texas Criminal Info. Ctr.*, 845 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, no writ). Article 55.01 requires strict compliance with conditions imposed by the statute; courts have no equitable power to expunge criminal records. *Collin County Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.–Dallas 2007, no pet.).

In order to satisfy his burden of proof, Taylor was required to demonstrate, among other things, that the limitations period for the offense with which he was charged expired before the date on which his petition for expunction was filed. *See* TEX. CODE CRIM. PROC. ANN. 55.01(a)(2)(A)(i) (Vernon 2006).

Taylor was charged with misdemeanor official oppression. *See* TEX. PENAL CODE ANN. § 39.03 (Vernon 2003). The period of limitations for a misdemeanor is two years from the date of the commission of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2005). However, in determining the period of limitations, the time during the pendency of an indictment, information, or complaint shall not be computed. *See* TEX. CODE CRIM. PROC. ANN. art 12.05(b) (Vernon 2005). The term "during the pendency," as used in Article 12.05(b), means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason. *See* TEX. CODE CRIM. PROC. ANN. art 12.05(c) (Vernon 2005).

In the case at hand, the record reflects that the offense in question is alleged to have been committed on March 26, 2005. In his brief, Taylor states that he was indicted on April 20, 2005.[1] The prosecution was dismissed on July 31, 2007. As such, the period of limitations for the offense allegedly committed by Taylor began on March 27, 2005. *See* TEX. CODE CRIM. PROC. ANN. art. 12.04 (Vernon 2005). The period of limitations was tolled from April 20, 2005 until July 31, 2007. *See id.*; *Al Haj v. State*, 916 S.W.2d 660, 662 n.3 (Tex. App.–Houston [14th Dist.] 1996), *pet. dism'd*, 932 S.W.2d 519 (Tex. Crim. App. 1996) (The period of time beginning with the day the

---

[1] Although the indictment is not part of the clerk's record, neither party disputes that Taylor was indicted for official oppression on April 20, 2005.

indictment is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason, shall not be computed in the period of limitation.). As such, assuming that the statute was not tolled for any other reason,[2] the period of limitations in question does not expire until on or about July 7, 2009. Therefore, since Taylor filed his petition for expunction before the expiration of the period of limitations for the offense with which he was charged, he failed to satisfy his burden of proof. *See* TEX. CODE CRIM. PROC. ANN. 55.01(a)(2)(A)(i).

Citing ***Beam v. State***, 226 S.W.3d 392 (Tex. 2007), Taylor argues that the current jurisprudence sets forth that the limitations period with regard to the expunction of misdemeanors under Article 55.01 is a simple two year period with no account taken for tolling. However, in ***Beam***, the court was not presented with the issue of whether the limitations period had been tolled. ***Id.*** at 395. In fact, the court specifically noted that no indictment or information was presented against Beam. ***Id.*** Taylor further cites ***Dobson***, 167 S.W.3d at 626 (no presentment of indictment or information), ***Dallas County Dist. Atty's Office v. Hoogerwerf,*** No. 02-05-034-CV, 2005 WL 3436557, at *1 (Tex. App.–Fort Worth Dec. 15, 2005, no pet.) (mem. op., not designated for publication) (no presentment of indictment), and ***Ex parte McLendon***, No. 14-05-00651-CV, 2006 WL 221724, at *1 (Tex. App.–Houston [14th Dist.] Jan. 31, 2006, pet. denied) (petition filed within five year period of limitations; no reference made to presentation of charging instrument or tolling), none of which addressed the issue before us.

We conclude that since Taylor filed his petition for expunction prior to the expiration of the period of limitations, he failed to show strict compliance with Article 55.01. Thus, we hold that the trial court erred in granting Taylor's petition for expunction. To the extent that the State's sole issue related to Taylor's failure to comply with Article 55.01(a)(2)(A)(i), it is sustained.[3]

## DISPOSITION

Having sustained the State's sole issue in part, we ***reverse*** the trial court's order of

---

[2] *See, e.g.,* TEX. CODE CRIM. PROC. ANN. art. 12.05(a) (Vernon 2005).

[3] Our sustaining in part of the State's sole issue is dispositive of this matter. Thus, we do not reach the State's other contentions relating to Texas Code of Criminal Procedure, article 12.05(a).

expunction and *render* judgment denying Taylor's petition for expunction.



    SAM GRIFFITH   

Justice



Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



(PUBLISH)



5