In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00414-CV


 _____________________



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant



V.



C.K.H., Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 49162







MEMORANDUM OPINION

 The Texas Department of Public Safety appeals an order of expunction. In two issues,
the Department contends the trial court erred in granting the petition for expunction filed by
the appellee, C.K.H., without notice to the Department and without evidence supporting the
petition for expunction. C.K.H. concedes error. We set aside the order of expunction.

 The petition is not verified. See Tex. Code Crim. Proc. Ann. art. 55.02, sec. 2 (b)
(Vernon Supp. 2008). In her petition, C.K.H. identifies six agencies, including the
Department, that may have records that are subject to expunction. See Tex. Code Crim.
Proc. Ann. art. 55.02, sec. 2 (b)(8). The petition states that a copy of the petition was hand-delivered to the Hardin County District Attorney. The trial court signed the order of
expunction two days after the filing of the petition. The order does not indicate whether
evidence was received, and the court reporter did not record the hearing. Upon receiving
post-judgment notice of the filing of the petition, the Department appealed to this Court. 

 Article 55.02 of the Texas Code of Criminal Procedure provides the mandatory
procedure for expunging records and files relating to an arrest. See Tex. Code Crim. Proc.
Ann. art. 55.02. The trial court abuses its discretion when it grants a petition for expunction
without compliance with article 55.02. See State v. Taylor, 266 S.W.3d 553, 555 (Tex. App.--Tyler 2008, pet. denied). Article 55.02 requires the trial court to "set a hearing on the matter
no sooner than thirty days from the filing of the petition" and also requires the trial court to
"give to each official or agency or other governmental entity named in the petition reasonable
notice of the hearing . . . ." Tex. Code Crim. Proc. Ann. art. 55.02, sec. 2(c). 

 In this case, the trial court signed the order within thirty days and without providing
notice of the hearing to the interested entities before conducting the hearing. "If the record
does not indicate that the agency was notified in accordance with the statute, then the record
reflects a proceeding in violation of the statute and the expunction order must be set aside." 
Tex. Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.--San Antonio 1997, no
writ). The order must be set aside in this case. The reversal of an expunction order is not
limited to the appealing governmental entity but affects all agencies in possession of records
and files. Ex parte Elliott, 815 S.W.2d 251, 252 (Tex. 1991). 

 The trial court failed to comply with article 55.02 of the Texas Code of Criminal
Procedure. Furthermore, the failure to record the hearing prevents the Department from
presenting its challenge to the sufficiency of the evidence. See Tex. R. App. P. 44.1(a)(2). 
Accordingly, the order of expunction is set aside and the case is remanded to the trial court
for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on April 13, 2009

Opinion Delivered May 14, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.