In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00402-CV


____________________



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant



V.



J.D.R., Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 745-X






 MEMORANDUM OPINION


 The Texas Department of Public Safety ("Department") files a restricted appeal from
an order that expunged J.D.R.'s record of an arrest. J.D.R.'s attorney advised this Court that
J.D.R. had no response to the Department's brief. In two issues, the Department contends
the trial court erred in granting the petition for expunction without first giving the
Department notice of the hearing and without requiring J.D.R. to submit legally sufficient
evidence to show that he was entitled to an expunction of records related to his arrest. We
reverse and remand.

 The expunction of criminal records is governed by the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. arts. 55.01-.06 (Vernon 2006 & Supp. 2008). 
Law enforcement agencies with records that a petitioner wants expunged are entitled to have
counsel represent them at the petitioner's expunction hearing. Tex. Code. Crim. Proc. Ann.
art. 55.02 § 2(c-1). An agency protesting the expunction may appeal the court's decision in
the same manner as in other civil cases. Id. § 3(a). 

 The requirements for restricted appeals are provided in the Texas Rules of Appellate
Procedure ("Rules"). Tex. R. App. P. 26.1(c), 30. An appellant may attack a judgment by
restricted appeal if it shows 1) it was a party to the suit, 2) it filed its notice of appeal within
six months after the order was signed, and 3) it did not participate at trial. Id. To prevail in
a restricted appeal, the appellant must show that error is apparent from the face of the record.
Tex. Dep't of Pub. Safety v. Moore, 51 S.W.3d 355, 357 (Tex. App.-Tyler 2001, no pet.). 

 In this case, the Department meets the criteria for restricted appeals established in the
Rules. First, the Department is a party to the expunction suit brought by J.D.R. because it
is a State agency with records subject to expunction. Id. at 357. Second, the Department
filed its notice of appeal on September 25, 2008, a date within six months of the expunction
order rendered on April 9, 2008. Third, the Department's appellate brief alleges that it did
not appear at the expunction hearing, and J.D.R. did not challenge this assertion. See Tex.
R. App. P. 38.1(g). Finally, error is apparent on the face of the record because the notice
required by statute for the expunction hearing was not provided to the Department. See Tex.
Code Crim. Proc. Ann. art. 55.02 § 2(c) (Vernon Supp. 2008); Texas Dep't. of Pub. Safety
v. Deck, 954 S.W.2d 108, 112 (Tex. App.-San Antonio 1997, no pet.).

 We review a trial court's order in an expunction proceeding for abuse of discretion. 
State v. Taylor, 266 S.W.3d 553, 555 (Tex. App.-Tyler 2008, pet. denied). "The trial court
must strictly comply with the statutory procedures for expunction, and it commits reversible
error when it fails to do so." Id. 

 The Department's second issue attacks the legal sufficiency of the evidence showing
that J.D.R. was entitled to an expunction of the records related to his arrest. If successful,
this challenge would result in rendition; thus, we consider it first. See Tex. R. App. P. 43.3. 
 The order in this case does not indicate whether the trial court received evidence, and
the court reporter did not record the hearing. Under these circumstances, the absence of a
reporter's record precludes the Department from presenting an effective challenge to the
evidence's sufficiency. See Tex. Dep't of Pub. Safety v. C.K.H., No. 09-08-00414-CV, 2009
WL 1331092, at *1 (Tex. App.-Beaumont, May 14, 2009, no pet.) ("Failure to record the
hearing prevents the Department from presenting its challenge to the sufficiency of the
evidence."); Deck, 954 S.W.2d at 112 ("Absent a statement of facts or other record from the
hearing, as is the case here, it is presumed that the trial judge reviewed and found all
necessary facts to support the order."). We overrule issue two.

 Issue one maintains that the trial court erred in granting the petition for expunction
without first providing notice of the hearing to the Department. We agree. Here, the record
does not show that the Department was notified of the hearing conducted by the trial court
on April 9, 2008, as required by article 55.02. See Tex. Code Crim. Proc. Ann. art. 55.02
§ 2(c). The trial court abuses its discretion when it does not comply with statutory
procedures and nevertheless grants a petition for expunction. See Taylor, 266 S.W.3d at 555. 
"If the record does not indicate that the agency was notified in accordance with the statute,
then the record reflects a proceeding in violation of the statute and the expunction order must
be set aside." Deck, 954 S.W.2d at 112. We sustain issue one.

 Accordingly, the order of expunction is set aside, and the case is remanded to the trial
court for further proceedings consistent with this opinion.

 REVERSED AND REMANDED.

 _____________________________

 HOLLIS HORTON

 Justice



Submitted on July 1, 2009

Opinion Delivered July 30, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.