In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00032-CV


 _____________________



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant



V.



A.N.P., Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. X-842






MEMORANDUM OPINION



 The Texas Department of Public Safety appeals from the trial court's order granting
an expunction to A.N.P. A.N.P. was arrested for the alleged July 8, 2007, offense of
intoxication assault. On October 29, 2008, she filed a petition for expunction of all records
and files relating to the alleged offense. She asserted she was entitled to relief because,
among other things, no information or indictment relating to the offense of intoxication
assault had been presented against her. DPS filed an answer challenging the expunction on
the grounds that the statute of limitations on the underlying offense had not expired prior to
the filing of her petition. A.N.P. argues the Department waived any right to appeal because
it did not appear at the expunction hearing and did not file any type of post-judgment motion
challenging the expunction order. (1) 

 DPS's non-appearance at the expunction hearing and the lack of a post-judgment
motion do not constitute a waiver of all issues on appeal. DPS has, in effect, raised a legal
sufficiency or matter-of-law issue in its appellate brief. In a nonjury case, appellant may
raise a no-evidence point for the first time on appeal. See Tex. R. App. P. 33.1(d); Nelson
v.Najm, 127 S.W.3d 170, 176 (Tex. App.--Houston [1st Dist.] 2003, pet. denied); see also
Cecil v. Smith, 804 S.W.2d 509, 512 & n.6 (Tex. 1991). The Department did not waive its
right to appeal.

 On a petition for expunction, we review a trial court's ruling under an abuse of
discretion standard. Tex. Dep't of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App.--
Houston [14th Dist.] 2008, no pet.). An abuse of discretion occurs when the trial court
renders a decision that is "arbitrary, unreasonable, and without reference to guiding rules and
principles." Id. (citing Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex.
1996)). In an abuse of discretion review, we "examine the entire record." Mercedes-Benz
Credit Corp., 925 S.W.2d at 666. A trial court does not have discretion in determining what
the law is or in applying the law to the facts. In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003). 
If the evidence supporting the trial court's grant or denial of an expunction petition is
insufficient, the trial court has abused its discretion in its ruling. 

 "We review a trial court's factual findings for sufficiency of the evidence, using the
same standards that are applied in reviewing a jury's answer." J.H.J., 274 S.W.3d at 806. 
In a legal sufficiency review, the appellate court views the evidence in the light favorable to
the verdict, crediting favorable evidence if a reasonable fact-finder could and disregarding
contrary evidence unless a reasonable fact-finder could not. City of Keller v. Wilson, 168
S.W.3d 802, 807 (Tex. 2005). We sustain a no-evidence challenge when "the record shows
that (1) there is a complete absence of a vital fact; (2) the court is barred from considering
the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact
is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact." State v. Taylor, 266 S.W.3d 553, 555-56 (Tex. App.--Tyler 2008, pet. denied). 

 Article 55.01 of the Code of Criminal Procedure provides wrongfully arrested persons
an opportunity to expunge their arrest records if they meet the applicable statutory
requirements. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.--Austin
2002, pet. denied); see Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 2006). An
expunction proceeding is a civil proceeding, and the petitioner bears the burden of proving
compliance with the statutory requirements. Heine, 92 S.W.3d at 646. The trial court must
strictly comply with the statutory requirements for expunction; it commits reversible error
when it does not. Tex. Dep't of Pub. Safety v. Fredricks, 235 S.W.3d 275, 281 (Tex. App.--Corpus Christi 2007, no pet.). 

 Raising two appellate issues, DPS argues that A.N.P. failed to prove she met all of the
statutory conditions required under article 55.01, and that the trial court abused its discretion
in ordering the expunction when A.N.P. had not met those requirements. The sections of
article 55.01 pertinent to this appeal are as follows:

 Art. 55.01. Right to Expunction

 

 (a) A person who has been placed under a custodial or noncustodial arrest
for commission of either a felony or misdemeanor is entitled to have all
records and files relating to the arrest expunged if:

 . . . . 

 

 (2) each of the following conditions exist:


 (A) an indictment or information charging the person with
commission of a felony has not been presented against the
person for an offense arising out of the transaction for which the
person was arrested or, if an indictment or information charging
the person with commission of a felony was presented, the
indictment or information has been dismissed or quashed, and:

 

 (i) the limitations period expired before the date on
which a petition for expunction was filed under Article
55.02; or

 

 (ii) the court finds that the indictment or information
was dismissed or quashed because the presentment had
been made because of mistake, false information, or
other similar reason indicating absence of probable cause
at the time of the dismissal to believe the person
committed the offense or because it was void;

 

 (B) the person has been released and the charge, if any, has
not resulted in a final conviction and is no longer pending and
there was no court ordered community supervision under Article
42.12 for any offense other than a Class C misdemeanor; and

 

 (C) the person has not been convicted of a felony in the five
years preceding the date of the arrest.

 . . . .

 

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A),(B),(C) (Vernon 2006). Subparagraph
(2)(A) has two alternative elements that may be proven by an expungement petitioner. In re
Means, No. 06-09-00002-CV, 2009 WL 1530815, at *3 (Tex. App.--Texarkana June 3, 2009,
no pet. h.). To satisfy her burden of proof under subsection (a)(2)(A)(i), A.N.P. had to show,
under the facts of this case, that no indictment or information had been presented and that the
limitations period for the offense for which she was arrested expired before the date on which
she filed her expunction petition. See art. 55.01(a)(2)(A)(i).

 A.N.P.'s petition states, "[N]o indictment o[r] information was presented against
Petitioner for said offense arising out of the transaction for which Petitioner was arrested." 
The Department's answer states that no indictment had been presented. At the expunction
hearing, A.N.P.'s counsel explained, "I believe this matter has been presented to the grand
jury. There's been no indictment. . . . There's no action that has been taken." The record,
though sparse, supports the conclusion that no indictment was filed prior to the filing of the
expunction petition. 

 There being no indictment or information, A.N.P. had the burden of establishing that
the limitations period expired before the date on which she filed her expunction petition. See
Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i). It is undisputed that the alleged offense
and the arrest for intoxication-assault occurred on July 8, 2007. Texas statutes provide that
limitations for intoxicated assault is three years. See Tex. Pen. Code Ann. § 49.07(c)
(Vernon Supp. 2008); Tex. Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp. 2008). 
From the face of the record and the statutory provisions, it is clear that the statute of
limitations had not run on the alleged offense at the time A.N.P. filed her expunction petition
on October 29, 2008. As a matter of law, she is not yet entitled to an expunction under
article 55.01(a)(2)(A)(i). 

 At the hearing, trial counsel appears to have recognized the impossibility of satisfying
the statute's expiration-of-limitations requirement and suggested to the trial court the
alternative in subsection (ii). Counsel stated, "The Court can find that this matter can be
expunged in lieu of the limitations defense, if you find there's a lack of probable cause to
move forward." In effect, trial counsel was arguing that expunction could occur under the
"absence of probable cause" prong of article 55.01(a)(2)(A)(ii). At the expunction hearing,
the trial court appeared to conclude that the grand jury must have found there was no
probable cause to support an indictment. However, the record does not reveal why there is
no indictment; there is no evidence of what happened after the arrest, other than the
acknowledgment by both attorneys at the hearing that no indictment was returned. Section
(a)(2)(A)(ii) requires that the indictment must have been dismissed or quashed. Expunction
cannot be granted under subsection (ii) in this case, because there is no evidence an
indictment was ever presented by the grand jury to the district court and, therefore, no
evidence that any indictment was ever dismissed or quashed. See Tex. Const. art. 5, §
12(b). 

 A.N.P. has not carried her burden of proof under article 55.01(a)(2)(A)(i) or (ii). On
this record, A.N.P. is not entitled to an expunction at this time. See State v. Beam, 226
S.W.3d 392, 395 (Tex. 2007). We sustain issues one and two and reverse and render
judgment vacating the expunction order without prejudice to the refiling of the petition. 

 REVERSED AND RENDERED. 

 _________________________________

 DAVID GAULTNEY Justice


Submitted on August 6, 2009

Opinion Delivered August 27, 2009 


Before McKeithen, C.J., Gaultney and Horton, JJ. 
1. An assistant district attorney appeared at the expunction hearing, but not in a
representative capacity for DPS, the party that filed an answer to A.N.P.'s expunction
petition.