# NO. 12-19-00378-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                  |   |                              |
| ---------------- | - | ---------------------------- |
| *EX PARTE:*      | § | *APPEAL FROM THE 217TH*      |
|                  | § | *JUDICIAL DISTRICT COURT*    |
| *S.B.H.*         | § | *ANGELINA COUNTY, TEXAS*     |

### *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting expunction of criminal records rendered in S.B.H.'s favor. In two issues, DPS argues that S.B.H. is not entitled to an expunction because she did not meet her burden of proof under Texas Code of Criminal Procedure, Article 55.01 and it did not receive notice of the petition under Article 55.02. We reverse and render.

## BACKGROUND

On February 17, 2006, S.B.H. was arrested for theft of property and failure to identify giving false/fictitious information. Pursuant to a plea agreement, the State agreed to dismiss her failure to identify giving false/fictitious information charge, and the trial court sentenced her to deferred adjudication community supervision for six months for theft of property.

On March 26, 2012, S.B.H. was arrested for fraudulent use/possession of identifying information, criminal trespass, and failure to identify giving false/fictitious information. Pursuant to a plea agreement, the State agreed to dismiss the criminal trespass charge and S.B.H. was sentenced to deferred adjudication community supervision for three years for fraudulent use/possession of identifying information and for six months for failure to identify giving false/fictitious information.

On January 8, 2018, S.B.H. filed a petition to expunge the criminal records relating to the dismissed charges arising from her February 17, 2006 and March 26, 2012 arrests. In the petition, she alleged that both her 2006 failure to identify giving false/fictitious information charge and her 2012 criminal trespass charge were "dismissed or quashed" and that the statutes of limitations for these offenses passed before she filed the petition. On August 20, 2019, the trial court rendered an order expunging S.B.H.'s criminal records as requested, and this appeal followed.

### EXPUNCTION AND COMMUNITY SUPERVISION

In its second issue, DPS argues that S.B.H. is not entitled to an expunction of her criminal records because she did not meet her burden of proof under Texas Code of Criminal Procedure, Article 55.01 since, despite the fact that the underlying charges she references were dismissed, she was sentenced to deferred adjudication community supervision for other offenses arising from those arrests.

### Standard of Review

The person who is the subject of an expunction order or an agency protesting the expunction may appeal the trial court's decision in the same manner as in other civil cases. *See* TEX. CODE. CRIM. PROC. ANN., art. 55.02 § 3a (West Supp. 2020). Thus, each law enforcement agency listed in the petition who has records that are subject to expunction may appeal the trial court's decision in the same manner as in other civil cases. *State v. Taylor*, 266 S.W.3d 553, 555 (Tex. App.–Tyler 2008, pet. denied); *Ex parte Stiles*, 958 S.W.2d 414, 417 (Tex. App.–Waco 1997, pet. denied).

A trial court's order in an expunction proceeding ordinarily is reviewed under an abuse of discretion standard. *See, e.g.*, *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). The trial court must comply strictly with the statutory procedures for expunction, and it commits reversible error when it fails to do so. *Taylor*, 266 S.W.3d at 555. But if an expunction ruling turns on a question of law, we review it de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *Ex parte C.Z.D.*, No. 12-17-00373-CV, 2018 WL 3041145, at *1 (Tex. App.–Tyler June 20, 2018, no pet.) (mem. op.). A trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

2

**Discussion**

A person is entitled to have all records of an arrest expunged only when all statutory conditions have been met. *Taylor*, 266 S.W.3d at 556; *Harris Cty. Dist. Attorney's Office v. Pennington*, 882 S.W.2d 529, 530 (Tex. App.–Houston [1st Dist.] 1994, no writ). The nature of the expunction statute is remedial, and it should be construed liberally. *Taylor*, 266 S.W.3d at 556. The purpose of Article 55.01 is to allow those persons who wrongfully are arrested to expunge their records. *Id.* The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Id.* Article 55.01 requires strict compliance with its condition; courts have no equitable power to expunge criminal records. *See Collin Cty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.–Dallas 2007, no pet.).

In order to satisfy her burden of proof that she was entitled to have her arrest records expunged, S.B.H. was required to demonstrate, among other things, that there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN., art. 55.01(a)(2) (West Supp. 2020). The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests. *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.–Fort Worth 2014, no pet.). Thus, the expunction statute is "arrest-based," and expunction is not available for less than all offenses arising from one arrest. *Id.* at 844; *see arrest*, *charge*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "arrest," in pertinent part, as a "taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge," whereas "charge" accuses someone of an offense); *but see State v. T.S.N.*, 547 S.W.3d 617, 623 (Tex. 2018) (holding that Article 55.01 is not entirely arrest-based but declining to address the specifics of 55.01(a)(2)). In other words, a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but the dismissal results in a final conviction of any charge arising from the same arrest. *See Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 629 (Tex. App.–Austin 2014, pet. denied); *In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.–El Paso 2013, no pet.) (reversing trial court's grant of expunction of records related to DWI charge, concluding petitioner failed to show charge did not result in final conviction under current version of Article 55.01 because petitioner pleaded "guilty" to reckless driving).

The record in the instant case demonstrates that following S.B.H.'s February 17, 2006 arrest for theft of property and failure to identify giving false/fictitious information, the State dismissed the failure to identify giving false/fictitious information charge, and the trial court sentenced her to deferred adjudication community supervision for six months for the Class B misdemeanor theft of property charge. Furthermore, the record reflects that following S.B.H.'s March 26, 2012 arrest for fraudulent use/possession of identifying information, criminal trespass, and failure to identify giving false/fictitious information, the State dismissed the criminal trespass charge, and the trial court sentenced her to deferred adjudication community supervision for both the fraudulent use/possession of identifying information and failure to identify giving false/fictitious information charges.

Accordingly, because at least one charge arising from each arrest resulted in S.B.H.'s being placed on community supervision, she is not entitled to expunction of any records relating to her February 17, 2006 and March 26, 2012 arrests. *See* ***S.J.***, 438 S.W.3d at 845; ***Ex parte C.Z.D.***, 2018 WL 3041145, at *2; *see also* ***Ex parte T.C.***, No. 12-13-00138-CV, 2014 WL 4104806, at *3 (Tex. App.–Tyler Aug. 20, 2014, no pet.) (mem. op.) (because court imposed deferred adjudication, appellant received "court ordered community supervision" for purposes of expunction statute and was ineligible for expunction of her theft arrest records). Therefore, we hold that the trial court abused its discretion by granting S.B.H.'s petition for expunction. *See* ***Heine***, 92 S.W.3d at 646; ***Ex parte C.Z.D.***, 2018 WL 3041145, at *2. DPS's second issue is sustained.[1]

### DISPOSITION

Having sustained the State's second issue, we ***reverse*** the trial court's order of expunction and ***render*** judgment denying S.B.H.'s petition for expunction.

**GREG NEELEY**
Justice

Opinion delivered December 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Because we have sustained DPS's second issue, we do not consider its first issue regarding S.B.H.'s failure to give notice of her petition for expunction. *See* TEX. R. APP. P. 47.1.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2020**

**NO. 12-19-00378-CV**

**EX PARTE: S.B.H.**

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. CV-00016-18-01)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in the order as entered by the trial court below and the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the order of expunction of the trial court below, be, and the same is, hereby **reversed** and judgment is **rendered** denying S.B.H.'s petition for expunction; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*